LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160
info@glancylaw.com

Attorneys for Movant, Claude A. Reese,
and Proposed Co-Lead Counsel

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE A. REESE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INDYMAC FINANCIAL, INC., RICHARD H. WOHL and SCOTT KEYS,<br><br>Defendants. | No. 2:07-cv-01635-GW (VBK)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**<br><br>Date: June 18, 2007<br>Time: 8:30 a.m.<br>Hon. George H. Wu |

Movant Claude A. Reese (hereinafter "Movant") respectfully submits this memorandum of points and authorities in support of his motion for appointment as Lead Plaintiff and for approval of Lead Plaintiff's selection of Co-Lead Counsel.

## I.    FACTUAL BACKGROUND

This is a class action for breach of fiduciary duty and violations of federal securities laws on behalf of all persons who purchased or otherwise acquired the common stock of IndyMac Bancorp, Inc. ("IndyMac" or the "Company") between May 4, 2006 and March 1, 2007 (the "Class Period"), against IndyMac and certain of its officers and/or directors, and seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

IndyMac Bancorp, Inc. operates as the holding company for IndyMac Bank, F.S.B., a thrift/mortgage bank, which provides mortgage products and services, including adjustable-rate

mortgages, fixed-rate mortgages, construction-to-permanent loans, subprime mortgages, and reverse mortgages.

Throughout the Class Period, defendants issued public statements which touted the Company's business and financial performance, but which failed to fully disclose problems with the Company's internal controls and underwriting practices and that the Company maintained inadequate provisions for loan losses. These partial disclosures only hinted at the Company's problems, and had the effect of maintaining IndyMac's stock price at inflated levels during the Class Period. As a result of defendants' false and misleading statements, IndyMac's stock price traded at inflated levels during the Class Period. However, after the above revelations were disclosed to the market, massive sales of the Company's stock sent the share price down more than 60% from its Class Period high, thereby damaging investors.

## II.    PROCEDURAL HISTORY

Plaintiff Claude A. Reese commenced case number 07-01635 on March 12, 2007, and on March 17, 2007, counsel for plaintiff published a notice of the pendency of plaintiff's case in *Financial Times,* a widely circulated national business-oriented publication. *See* Declaration of Michael Goldberg In Support of Motion of Claude A. Reese For Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead Counsel (the "Goldberg Declaration") at Exhibit A.

Movant brings the instant motion pursuant to his complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the March 17, 2007, notice.

## III.    ARGUMENT

### A. Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after

No. 2:07-cv-01635-GW (VBK)MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

Page 2

the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

(aa)  has either filed the complaint or made a motion in response to a notice. . . ;

(bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Claude A. Reese is the most adequate Lead Plaintiff for the Class.

**1. Movant Filed The Complaint**

On March 17, 2007, counsel for plaintiff Claude A. Reese, Movant herein, published a notice of the pendency of plaintiff's case pursuant to §21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of IndyMac securities that they had until May 16, 2007, to file a motion to be appointed as Lead Plaintiff.

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Movant timely moves this Court to be appointed Lead Plaintiff on behalf of all plaintiffs and putative class members in the Action and any other actions deemed related by this Court, and submits herewith his Sworn Certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

**2. Movant Has The Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the

No. 2:07-cv-01635-GW (VBK)MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

Page 3

relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits,* 2001 WL 1659115, *2 (S.D. Cal. Nov. 5, 2001).

As is demonstrated herein, the Movant believes that he has the largest known financial interest in this case  among class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period, Movant suffered losses as a result of his purchases of IndyMac securities at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions. *See* Goldberg Declaration, Exhibit C.  Movant is not aware of any other class member that has filed an action on behalf of this or a similar proposed class or filed an application for appointment as Lead Plaintiff.  Movant thus satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class. *Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass. 1996).

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Surebeam Corp. Securities Litigation* Slip Copy, 2004 WL 5159061, *5 (S.D.Cal. Jan. 5, 2004)("At this stage, the district court is to rely on the presumptive lead plaintiff's complaint and

No. 2:07-cv-01635-GW (VBK)MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

Page 4

sworn certification.")(citing *In re Cavanaugh,* 306 F.3d at 731). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *City of Harper Woods Employees Retirement System v. AXT, Inc.,* 2005 WL 318813, \*3 (N.D.Cal. Feb. 7, 2005)("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23"); *In re Cavanaugh,* 306 F.3d at 730; *In re Waste Mgmt. Sec. Litig., 1*28 F. Supp. 2d 401, 411 (S.D. Tex. 2000); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(*citing Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation,* 176 F.R.D. 583 (M.D. Fla 1997)); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992); *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 479-80 (5th Cir. 2001). Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. It is enough that the Lead Plaintiff's situation shares a common issue of law or fact. *See Berger,* 257 F.3d at 480.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning IndyMac's business and financial performance. Movant, like all of the members of the Class, purchased IndyMac securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Consequently, Movant's interests are closely aligned with other Class members' and they are, therefore, typical of the other members of the Class.

### b. Movant Is An Adequate Representative

No. 2:07-cv-01635-GW (VBK)MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

Page 5

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda* v. *Turbodyne Techs. Inc.*,67 F.Supp.2d 1129, 1133 (C.D. Cal. 1999)(*citing In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). Movant has demonstrated his adequacy as Lead Plaintiff by filing a complaint, this motion, and his Sworn Certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Evincing a strong desire to prosecute this action on behalf of the Class, Movant has shown that he is " 'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger,* 257 F.3d at 479.

### 4.     Movant Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Movant herein is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. As demonstrated herein, Movant believes has the largest known financial interest in this case of any lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Moreover, Movant has selected and retained competent and experienced counsel to represent him and the

No. 2:07-cv-01635-GW (VBK)MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

Page 6

Class. *See Richardson v. TVIA, Inc.* Slip Copy, 2007 WL 1129344, *4-*5 (N.D.Cal. April 16, 2007)("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation."). Accordingly, Claude A. Reese is presumptively the most adequate plaintiff and should be appointed Lead Plaintiff for the Class.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh*, 306 F.3d at 733. In the present case, Movant has retained Glancy Binkow & Goldberg LLP and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. to pursue this litigation on his behalf, and will retain these firms as Plaintiff's Co-Lead Counsel, in the event he is appointed Lead Plaintiff.

Glancy Binkow & Goldberg LLP and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumés attached to the Goldberg Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

### IV.    CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) appointing Claude A. Reese as Lead Plaintiff, and (b) approving his selection of Glancy Binkow & Goldberg LLP and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Co-Lead Counsel for the Class, and granting such other relief as the Court may deem just and proper.

No. 2:07-cv-01635-GW (VBK)MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

Page 7

Dated: May 16, 2007

Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

By: _____

Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160

**COHEN, MILSTEIN,
 HAUSFELD & TOLL, P.L.L.C.**
Steven J. Toll
Daniel S. Sommers
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005-3934
Telephone:          (202) 408-4609
Facsimile:          (202) 408-4699

***Proposed Co-Lead Counsel***

**LAW OFFICES OF WILLIAM F. SALLE**
William F. Salle
425 E. Colorado St., Suite 755
Glendale, CA 91205
Telephone:          (818) 543-1900
Facsimile:          (818) 543-1550

***Counsel for Plaintiff***

No. 2:07-cv-01635-GW (VBK)MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

- i -

**PROOF OF SERVICE**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On May 16, 2007 , I served the following:

1    DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION

2    NOTICE OF MOTION AND MOTION OF CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

3    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

4    [PROPOSED] ORDER GRANTING MOTION OF CLAUDE A. REESE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

on the parties shown below by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

THE PRENTICE-HALL CORPORATION SYSTEM, INC.
REGISTERED AGENT FOR INDYMAC BANCORP, INC
2711 CENTERVILLE ROAD SUITE 400
WILMINGTON, DE 19808
TELEPHONE: (302) 636-5400

Executed on May 16, 2007, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Zabella Moore

PROOF OF SERVICE - INDYMAC LITIGATION