DAVID B. BAYLESS (SBN 189235)
E-mail: dbayless@cov.com
TAMMY ALBARRAN (SBN 215605)
E-mail: talbarran@cov.com
PAUL WATKINS (SBN 244974)
E-mail: pwatkins@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091

Attorneys for Defendant Michael W. Perry

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| WAYMAN TRIPP and SVEN MOSSBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>INDYMAC BANCORP, INC., and MICHAEL W. PERRY,<br><br>        Defendants. | Case No.: 2:07-cv-1635-GW (VBK)<br><br>**DEFENDANT MICHAEL W. PERRY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT**<br><br>Date:    December 10, 2009<br>Time:    8:30 a.m.<br>Ctrm.:   10<br>Judge:   Hon. George H. Wu |

DEFENDANT MICHAEL W. PERRY'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

**REQUEST FOR JUDICIAL NOTICE**

Defendant Michael W. Perry moved to dismiss plaintiffs' Fifth Amended Class Action Complaint ("5AC"). In support of his motion, Perry requests that this Court take judicial notice of certain documents attached as exhibits to the Declaration of Tammy Albarrán ("Albarrán Declaration") in Support of Michael W. Perry's Motion to Dismiss the 5AC.

The documents attached to the Albarrán Declaration include: (1) various documents filed with the United States Securities and Exchange Commission (the "SEC"); (2) transcripts of various investor communications; (3) analyst reports; (4) news articles, internal IndyMac documents, investor presentations, and third-party reports and statements; and (5) a report by the Department of Treasury's Office of Inspector General.

**ARGUMENT**

Courts must conduct a plausibility analysis in assessing the sufficiency of allegations in a securities fraud complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (finding plaintiff's factual allegations consistent with a violation of law but not plausible given other, more likely explanations). When conducting this analysis, "courts must consider the complaint in its entirety," including inferences drawn from "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509, 551 U.S. 308, 322 (2007); *see also Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1055 n.1, 1064 n.7 (9th Cir. 2008).

Documents incorporated into a complaint include the full content of those documents referenced by plaintiffs. *In re Zoran Corp. Deriv. Litig.*, 511 F. Supp. 2d 986, 1001 (N.D. Cal. 2007) (noting "Plaintiff cannot be allowed to exclude the rest of the Form 10K because he wishes to pick and choose which

DEFENDANT MICHAEL W. PERRY'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

1

statements should be considered") (citing *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n. 2 (9th Cir. 2003)).  Furthermore, a court may consider documents which are not expressly incorporated into the complaint, but "upon which the plaintiff's complaint necessarily relies."  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1159 (C.D. Cal. 2007) (complaint alleging defendant's failure to disclose certain information incorporated defendant's public statements containing such information); *In re Versant Object Tech. Corp. Sec. Litig.*, No. C-98-00299-CW, 2000 WL 33960105, at *3 (N.D. Cal. May 18, 2000), *aff'd*, 56 F. App'x 322 (9th Cir. Jan. 23 2003).

Documents subject to judicial notice include those with facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b) (2).  Furthermore, the "safe harbor" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "the court shall consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement[s], which are not subject to material dispute, cited by the defendant."  15 U.S.C. § 78u-5(e); *see also Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. The Clorox Co.*, 353 F.3d 1125, 1133 (2004).

Courts may take judicial notice of the market's awareness of information contained in public documents, including news articles and analyst reports.  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 980-981 (9th Cir. 1999) (taking judicial notice of numerous financial analyst reports and news articles); *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) (taking judicial notice of analyst reports not cited in plaintiffs' complaint to establish the market's awareness of information contained in those reports); *In re Infonet Services Corp. Sec. Litig*, 310 F. Supp. 2d 1106, 1115n. 10(C.D. Cal. 2003) (same).

DEFENDANT MICHAEL W. PERRY'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

2

Well-established case law allows the substantive consideration of facts within documents such as SEC filings, press releases, analyst reports, news articles and conference calls.  Indeed, "courts regularly accept that facts in such documents may properly be considered substantively, where plaintiffs rely on the same documents and they are central to the allegations of intent to defraud."  *Wet Seal, Inc.*, 518 F. Supp. 2d at 1157-58.

The 39 Exhibits attached to the Albarrán Declaration meet one or more of the foregoing standards.  Accordingly, judicial notice is mandatory "if requested by a party and [the court is] supplied with the necessary information." *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) (quoting Fed. R. Evid. 201(d)), *rev'd sub nom. on other grounds*, 520 U.S. 548, 117 S. Ct 1535(1997).

## I.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF INDYMAC'S SEC FILINGS.

This Court should take judicial notice of the documents attached as Exhibits 1-17 to the Albarrán Declaration.  Exhibits 2, 4, 5, 7, 8, and 10-16  are subject to judicial notice as SEC filings incorporated by reference in the 5AC or necessarily relied upon by it.  *Tellabs*, 127 S. Ct. 2499, 2509 (2007); *Parrino*, 146 F.3d at 706; *Wet Seal, Inc.*, 518 F. Supp. 2d at 1159; *Versant*, 2000 WL 33960105, at *3.  The Court should take judicial notice of Exhibits 1-17  for the additional reason that those documents contain cautionary language accompanying forward-looking statements.  15 U.S.C. § 78u-5(e); *Clorox*, 353 F.3d at 1133.

This Court may also take judicial notice of Exhibits 1-14 and 16-17 for the additional and independent reason that they are public disclosure documents that are required to be, and are actually, filed with the SEC.  *See Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (court may consider "any matter subject to judicial notice, such as SEC filings").

DEFENDANT MICHAEL W. PERRY'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

3

## II.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF CERTAIN TRANSCRIPTS OF INVESTOR COMMUNICATIONS.

This Court should take judicial notice of the documents attached as Exhibits 18-20 to the Albarrán Declaration.  Exhibits 18-20 are subject to judicial notice as conference call transcripts incorporated by reference in the 5AC or necessarily relied upon by it.  *See Tellabs*, 127 S. Ct. at 2509; *Parrino*, 146 F.3d at 706; *Wet Seal, Inc.*, 518 F. Supp. 2d at 1159; *Versant*, 2000 WL 33960105, at *3, *13 n.9.  This Court should take judicial notice of Exhibits 18-20 for the additional reason that those documents contain cautionary language accompanying forward-looking statements.  15 U.S.C. § 78u-5(e); *Clorox*, 353 F.3d at 1333.

This Court can also take judicial notice that the market was aware of the information contained in Exhibits 18-20.  *Heliotrope*, 189 F.3d at 981 F.3d at 981 n.18.

## III.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF CERTAIN ANALYST REPORTS.

This Court should take judicial notice of the documents attached as Exhibits 21-27 to the Albarrán Declaration.  Exhibits 21-24, and 27 are subject to judicial notice as analyst reports incorporated by reference in the 5AC or necessarily relied upon by it.  *See Tellabs*, 127 S. Ct. at 2509; *Parrino*, 146 F.3d at 706; *Wet Seal, Inc.*, 518 F. Supp. 2d at 1159; *Versant*, 2000 WL 33960105, at *13 n.9.

This Court can also take judicial notice that the market was aware of the information contained in Exhibits 21-24.  *Patel*, 253 F.R.D. at 548 (taking judicial notice of analyst reports not cited in plaintiffs' complaint to establish the market's awareness of information contained in those reports); *In re Infonet Services Corp.*, 310 F. Supp. 2d at 1116 n.16.

DEFENDANT MICHAEL W. PERRY'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

4

**IV.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF NEWS ARTICLES, INTERNAL INDYMAC DOCUMENTS, INVESTOR PRESENTATIONS, AND THIRD PARTY REPORTS AND STATEMENTS.**

This Court should take judicial notice of the documents attached as Exhibits 28-36 to the Albarrán Declaration.  Exhibits 28-36  are subject to judicial notice as news articles, internal IndyMac documents, investor presentations, and third-party reports and statements incorporated by reference in the 5AC or necessarily relied upon by it.  *See Tellabs*, 127 S. Ct. at 2509; *Parrino*, 146 F.3d at 706; *Wet Seal, Inc.*, 518 F. Supp. 2d at 1159; *Versant*, 2000 WL 33960105, at *13 n.9.

This Court should take judicial notice of Exhibits 33 and 35 for the additional reason that those documents contain cautionary language accompanying forward-looking statements.  15 U.S.C. § 78u-5(e); *Clorox*, 353 F.3d at 1333.

This Court can also take judicial notice that the market was aware of the information contained in Exhibits 28-33 and 35.  *See Heliotrope*, 189 F.3d at 981 n.18.

**V.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF THE DEPARTMENT OF TREASURY'S AUDIT REPORT ON INDYMAC.**

This Court should take judicial notice of the document attached as Exhibit 37 to the Albarrán Declaration.  Exhibit 37 is subject to judicial notice as an audit report written by the Department of Treasury's Office of Inspector General incorporated by reference in the 5AC or necessarily relied upon by it.  *See Tellabs*, 127 S. Ct. at 2509; *Parrino*, 146 F.3d at 706; *Wet Seal, Inc.*, 518 F. Supp. 2d at 1159; *Versant*, 2000 WL 33960105, at *13 n.9.

DEFENDANT MICHAEL W. PERRY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1-39 to the Albarrán Declaration.

DATED:  October 26, 2009

Respectfully submitted,

COVINGTON & BURLING LLP

By:      */s/ Tammy Albarrán*
         Tammy Albarran

Attorneys for Defendant Michael W. Perry

DEFENDANT MICHAEL W. PERRY'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

6