DAVID B. BAYLESS (SBN 189235)
E-mail: dbayless@cov.com
TAMMY ALBARRÁN (SBN 215605)
E-mail: talbarran@cov.com
PAUL WATKINS (SBN 244974)
E-mail: pwatkins@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091

Attorneys for Defendant Michael W. Perry

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| WAYMAN TRIPP and SVEN MOSSBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>INDYMAC BANCORP, INC., and MICHAEL W. PERRY,<br><br>    Defendants. | Case No.: 2:07-cv-1635-GW (VBK)<br><br>**DEFENDANT MICHAEL W. PERRY'S REPLY TO PLAINTIFFS' OPPOSITION TO HIS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT**<br><br>Date: December 10, 2009<br>Time: 8:30 a.m.<br>Ctrm.: 10<br>Judge: Hon. George H. Wu |

DEFENDANT MICHAEL W. PERRY'S REPLY TO
PLAINTIFFS' OPPOSITION TO HIS REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

1  Defendant Michael W. Perry respectfully submits this reply in support of
2 his Request for Judicial Notice in Support of His Motion to Dismiss Plaintiffs'
3 Fifth Amended Class Action Complaint ("Request").
4  Plaintiffs make two objections to Mr. Perry's Request relating to SEC
5 filings, analyst reports, news articles, and what plaintiffs describe as IndyMac's
6 "internal documents."[1]  They contend that (1) the Court may not consider Exhibits
7 28-30 to the Albarrán Declaration (dkt. no. 198) in their entirety, on the ground
8 that that these three exhibits are "internal documents" that are not appropriately
9 subject to judicial notice; and (2) although many of the remaining Exhibits to the
10 Albarrán Declaration *are* subject to judicial notice, they may not be considered by
11 the Court for the truth of the matters asserted therein.
12  Plaintiffs' first contention is false.  Exhibits 28-30 are third-party
13 documents, which were the subject of specific allegations in the Fifth Amended
14 Complaint ("5AC") and which are publicly available on the Internet.  As such,
15 they are properly subject to judicial notice.
16  Plaintiffs' second contention mischaracterizes Mr. Perry's position.
17 Mr. Perry asserts that, because all of the Exhibits at issue are either incorporated
18 by reference in the 5AC, necessarily relied on by it, or otherwise properly subject
19 to judicial notice, they may be considered substantively by the Court in its
20 evaluation of the 5AC.  Accordingly, the Court may consider these Exhibits for

---

[1] Plaintiffs object to the Court taking judicial notice of Exhibits 28-30 of the Albarrán Declaration in Support of Defendant Michael W. Perry's Motion to Dismiss Plaintiffs' Fifth Amended Class Action Complaint ("Albarrán Declaration") in their entirety.  Although it is not totally clear from plaintiffs' opposition, it appears that they object in a limited fashion to the Court taking judicial notice of Exhibits 1-17, 21-27, and 31-36.  Plaintiffs make no specific objection to Exhibits 18-20 or Exhibits 37-39.  Accordingly, Perry's request for judicial notice of these documents should be granted.

DEFENDANT MICHAEL W. PERRY'S REPLY TO
PLAINTIFFS' OPPOSITION TO HIS REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

1

market awareness of information contained within them, and may draw legal conclusions and inferences from the Exhibits' contents.

## LEGAL ARGUMENT

### I. THE "INTERNAL DOCUMENTS" TO WHICH PLAINTIFFS OBJECT ARE REFERENCED IN THE COMPLAINT AND ARE THUS PROPERLY SUBJECT TO JUDICIAL NOTICE

Plaintiffs' attempt to exclude Exhibits 28-30 of the Albarrán Declaration rests upon a patently false statement of fact as well as a gross lack of familiarity with the contents of their own 5AC. Specifically, plaintiffs represent to the Court that Exhibits 28-30 are "IndyMac's *internal* documents [which] were in the custody and control of [IndyMac] and Perry until they were filed with the Court." (Opp'n to RJN at 2-3 (emphasis in original).) Plaintiffs are wrong.

None of the three exhibits at issue were "in the custody and control of" IndyMac or Mr. Perry "until they were filed" with the Albarrán Declaration in conjunction with the pending Motion to Dismiss the 5AC. Rather, each of these documents *is specifically referenced in the 5AC.* Exhibits 28 and 29 are the express subject of allegations in paragraph 87 of the 5AC. Indeed, the 5AC itself provides a valid URL for each alleged document, both of which were publicly available on the Internet prior to the filing of the 5AC.[2] Similarly, Exhibit 30 is the express subject of allegations in paragraph 66 of the 5AC.[3] Moreover, even a

---

[2] According to the 5AC, the document filed with the Court as Exhibit 28 to the Albarrán Declaration, entitled "The Sixth Periodic Report to the Mortgage Bankers Association," is available at www.mari-inc.com/pdfs/mba/MBA6thCaseRpt.pdf. (5AC ¶ 88.) Also according to the 5AC, the document filed with the Court as Exhibit 29 to the Albarrán Declaration, "Testimony Before the United States House of Representatives Subcommittee on Housing and Community Opportunity," is available at http://financialservices.house.gov/media/pdf/100704wm.pdf. (*Id.*) Not only did neither of these documents originate inside IndyMac, both are publicly available on the Internet through third-party websites.

[3] Exhibit 30 to the Albarrán Declaration, entitled "Eighth Periodic Mortgage Fraud Case Report to the Mortgage Bankers Association," is available at http://mbafightsfraud.mortgagebankers.org/mortgagefraud/mortgagefraud/images/
(continued…)

DEFENDANT MICHAEL W. PERRY'S REPLY TO PLAINTIFFS' OPPOSITION TO HIS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

2

1 cursory review of each of these exhibits demonstrates that none of them are
2 "internal" IndyMac documents. Each was produced by a third-party and was
3 made publicly available on third-party websites.

4 Given that Exhibits 28-30 were incorporated in the 5AC, they are properly
5 the subject of judicial notice. As Mr. Perry pointed out in his Request, courts must
6 conduct a plausibility analysis in assessing the sufficiency of allegations in a
7 securities fraud complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (finding
8 plaintiff's factual allegations consistent with a violation of law but not plausible
9 given other, more likely explanations). When conducting this analysis, "courts
10 must consider the complaint in its entirety," including inferences drawn from
11 "documents incorporated into the complaint by reference, and matters of which a
12 court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551
13 U.S. 308, 322 (2007); *see also Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540
14 F.3d 1049, 1055 n.1, 1064 n.7 (9th Cir. 2008).

15 Documents incorporated into a complaint include the full content of those
16 documents referenced by plaintiffs. *In re Zoran Corp. Deriv. Litig.*, 511 F. Supp.
17 2d 986, 1001 (N.D. Cal. 2007) (noting "Plaintiff cannot be allowed to exclude the
18 rest of the Form 10K because he wishes to pick and choose which statements
19 should be considered") (citing *No. 84 Employer-Teamster Joint Council Pension
20 Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n. 2 (9th Cir. 2003)).
21 Furthermore, a court may consider documents which are not expressly
22 incorporated into the complaint, but "upon which the plaintiff's complaint
23 necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *In re
24 Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1159 (C.D. Cal. 2007) (complaint

---

25 files/MARIEighthAnnualReportonMortgageFraud.pdf. This document did not
26 originate inside IndyMac, and is publicly available on the Internet through a third-party website.
27

28 DEFENDANT MICHAEL W. PERRY'S REPLY TO  3
PLAINTIFFS' OPPOSITION TO HIS REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

1  alleging defendant's failure to disclose certain information incorporated
2  defendant's public statements containing such information); *In re Versant Object*
3  *Tech. Corp. Sec. Litig.*, No. C-98-00299-CW, 2000 WL 33960105, at *3 (N.D.
4  Cal. May 18, 2000), *aff'd*, 56 F. App'x 322 (9th Cir. Jan. 23 2003).

5      Although plaintiffs have attempted to portray Exhibits 28-30 of the
6  Albarrán Declaration as "internal" IndyMac documents, each of these documents -
7  - which were produced by third parties and were available on the Internet -- are
8  undisputedly the subject of express allegations in the 5AC. As such, Exhibits 28-
9  30 are entirely appropriate subjects for judicial notice. *Tellabs*, 551 U.S. at 322.

10  **II.  THE COURT MAY JUDICIALLY NOTICE -- AND MAY SUBSTANTIVELY CONSIDER -- DOCUMENTS INCORPORATED**
11  **IN THE 5AC OR NECESSARILY RELIED ON BY IT.**

12      As an initial matter, plaintiffs concede that this Court may take judicial
13  notice of the SEC filings, analyst reports, and news articles attached as Exhibits to
14  the Albarrán Declaration. (Opp'n to RJN at 4.) Plaintiffs object, however, to the
15  Court considering these judicially noticeable documents for "the truth of the
16  matters asserted therein." (*Id.*)

17      It is well-established that the Court may take judicial notice of SEC filings,
18  analyst reports, and news articles. *See, e.g.*, *Tellabs*, 551 U.S. at 322; *Parrino*,
19  146 F.3d at 706; *Wet Seal*, 518 F. Supp. 2d at 1157; *Versant*, 2000 WL 33960105,
20  at *3. Significantly, and contrary to plaintiffs' assertion, "courts regularly accept
21  that facts in such documents may properly be considered substantively, where
22  plaintiffs rely on the same documents and they are central to the allegations of
23  intent to defraud." *Wet Seal*, 518 F. Supp. 2d at 1157-58 (discussing substantive

28  DEFENDANT MICHAEL W. PERRY'S REPLY TO
PLAINTIFFS' OPPOSITION TO HIS REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO
DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

4

1 consideration of SEC filings, analyst reports, and news articles where such
2 documents are relied on as part of the plaintiff's allegations).[4]

3 As Mr. Perry pointed out in his request, Exhibits 2, 4, 5, 7, 8, 10-16, and 18-
4 36 are all either incorporated by reference in the 5AC or necessarily relied on by
5 it. Accordingly, these Exhibits to the Albarrán Declaration are not only subject to
6 judicial notice, but the Court may also consider their contents on a substantive
7 basis in evaluating the sufficiency of the 5AC. *Id.*

### III. THE COURT MAY JUDICIALLY NOTICE ALL ATTACHED EXHIBITS TO DEMONSTRATE MARKET AWARENESS.

Plaintiffs also concede that this Court may take judicial notice of the remaining Exhibits to the Albarrán Declaration, including any that were not incorporated by reference or relied on by the 5AC. (Opp'n to RJN at 4.) Plaintiffs object to the Court considering these judicially noticeable documents for "the truth of the matters asserted therein." (*Id.*)

Plaintiffs misconstrue the nature of Mr. Perry's Request as it relates to any proffered Exhibits that are outside of the pleadings. Mr. Perry does not request that the Court consider these documents for the truth of the matter asserted. (*See* Request at 4-5.) Rather, he requests judicial notice for the limited (and proper) purpose of demonstrating that the market was aware of the information contained in those articles. *See, e.g., Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 980-81 (9th Cir. 1999) (taking judicial notice of numerous financial analyst

---

[4] The cases cited by plaintiffs are not to the contrary, in that each case speaks only in terms of courts' inability consider judicially noticed documents for the truth of the matters asserted in those documents. *See In re Dura Pharms., Inc. Sec. Litig.*, 452 F. Supp. 2d 1005, 1028 n.3 (S.D. Cal. 2006); *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). In other words, none of these cases undermine Mr. Perry's contention, which is that there are a variety of substantive purposes to which the Court can put judicially noticeable documents other than considering them for the truth of the matters asserted therein.

DEFENDANT MICHAEL W. PERRY'S REPLY TO PLAINTIFFS' OPPOSITION TO HIS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

5

reports and news articles demonstrating that the market was aware of the mounting costs associated with defendant Ford Motor Co.'s particular tax strategy and could have inferred that the strategy might one day be abandoned as too costly); *Wet Seal*, 518 F. Supp. 2d at 1157; *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) (taking judicial notice of analyst reports not cited in plaintiffs' complaint to establish the market's awareness of information contained in those reports); *In re Infonet Services Corp. Sec. Litig*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003) (same).

The Court, therefore, may take judicial notice that the market was aware of the information contained in the Exhibits to the Albarrán Declaration.

## IV. THIS COURT MAY DRAW LEGAL CONCLUSIONS AND INFERENCES FROM JUDICIALLY NOTICED DOCUMENTS.

Finally, the Court may draw legal conclusions and inferences from judicially noticed facts. *See, e.g., In re PetSmart, Inc. Sec. Litig*., 61 F. Supp. 2d 982, 996 (D. Ariz. 1999) (dismissing claim based on statements in a judicially noticed SEC filing). And, recent Supreme Court precedent *compels* courts to consider and weigh competing inferences in assessing the sufficiency of the allegations in a complaint. *Iqbal*, 129 S. Ct. 1937 (finding plaintiff's factual allegations consistent with a violation of law but not plausible given other, more likely explanations). *See also Tellabs*, 551 U.S. at 323-24 (holding that courts must conduct a "comparative" inquiry when assessing plaintiffs' allegations of scienter). This comparative inquiry *requires* the Court to consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322. Thus, *Tellabs* and *Iqbal* specifically contemplate courts' use of judicially noticed documents from which to draw inferences and conclusions.

DEFENDANT MICHAEL W. PERRY'S REPLY TO PLAINTIFFS' OPPOSITION TO HIS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

6

Accordingly, the Court may properly determine that the inferences drawn from the submitted SEC filings, news articles, and analyst reports are more plausible than those drawn from plaintiffs' allegations. *Id.* (holding that the court must consider and weigh "plausible, nonculpable explanations for the defendant's conduct" against "inferences favoring the plaintiff"); *Iqbal*, 129 S. Ct. at 1950.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1-39 to the Albarrán Declaration.

DATED: November 30, 2009

Respectfully submitted,

COVINGTON & BURLING LLP

By: */s/ Tammy Albarrán*
Tammy Albarran

Attorneys for Defendant Michael W. Perry
DEFENDANT MICHAEL W. PERRY'S REPLY TO PLAINTIFFS' OPPOSITION TO HIS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

7