# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV07-1635-GW(VBKx) | Date | December 10, 2009 |
| Title | *Waymon Tripp v. Indymac Financial, Inc., et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Christopher Nelson<br>Ramzi Abadou | David B. Bayless<br>Tammy Albarran (via telephone) |

**PROCEEDINGS:**   **DEFENDANT MICHAEL W. PERRY'S MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT (filed 10/26/09)**

Hearing is held.  The Court's tentative ruling is circulated and attached hereto.  Court hears oral argument.

For reasons indicated on the record, Defendant Michael W. Perry's Motion to Dismiss Plaintiffs' Fifth Amended Class Action Complaint, is **taken under submission.**  Court to issue ruling.

IT IS SO ORDERED.

|  |  | : | 20 |
|---|---|---|---|
|  | Initials of Preparer | JG | |

***Tripp, et al. v. IndyMac Bancorp, Inc., et al.***, Case No. CV-07-1635
Tentative ruling on Motion to Dismiss Fifth Amended Complaint

Plaintiffs have now alleged causation in connection with a March 1, 2007, disclosure, which references a "loosening" of its "lending standards." Though defendant Perry seems to argue that this word-choice references only IndyMac's average FICO scores and the average loan-to-value ratios for its mortgage loans, that is not clearly true on the face of the statement such that it can serve as a reason to dismiss the action on the pleadings. In particular, the statement only reveals that those metrics purportedly "evidenc[e]" the fact that IndyMac loosened its lending standards less than "many other lenders." For one thing, it is not clear that IndyMac's "lending standards" are synonymous with its average FICO scores and average loan-to-value ratios, especially where those relatively-stable indicators are not at all in line with the other allegations in the Fifth Amended Complaint suggesting drastic departures from earlier lending practices.

Similarly, it would be difficult to conclude on the pleadings, as a matter of law, that the share price drop was not "significant" (leaving aside the question for now of whether Plaintiffs should be able to rely upon a theory of partial disclosures, notwithstanding the Court's earlier analysis of the January 2007 alleged "revelations").

Finally, while Perry is technically correct that Plaintiffs have not satisfactorily pled materiality, a requirement that Plaintiffs do so now would only serve to prolong the inevitable, as the statements at issue (or at least the vast majority of them) clearly would qualify as material (at least for purposes of this procedural stage). In addition, Perry has never before challenged the materiality element. Though that obviously does not mean he has waived the argument, a defendant will not be encouraged to continue raising new arguments upon each successive iteration of the Complaint (especially where the contention is primarily more form than substance) such that the matter is effectively never allowed to proceed beyond the pleadings stage.