DAVID B. BAYLESS (SBN 189235)
E-mail: dbayless@cov.com
TAMMY ALBARRÁN (SBN 215605)
E-mail: talbarran@cov.com
PAUL WATKINS (SBN 244974)
E-mail: pwatkins@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: 415-591-6000
Facsimile: 415-591-6091

Attorneys for Defendant Michael W. Perry

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| WAYMAN TRIPP and SVEN MOSSBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INDYMAC BANCORP, INC., and MICHAEL W. PERRY,<br><br>　　　　Defendants. | Case No.: 2:07-cv-1635-GW (VBK)<br><br>**DEFENDANT MICHAEL W. PERRY'S MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) AND FOR A STAY PENDING APPEAL**<br><br>Date:　February 1, 2010<br>Time:　8:30 a.m.<br>Ctrm.:　10<br>Judge:　Hon. George H. Wu |

# TABLE OF CONTENTS

                                                                       Page

INTRODUCTION ..................................................................................................... 1

LEGAL ARGUMENT ............................................................................................. 2

I.     The Order Involves Three Controlling Issues of Law. ................................ 3

II.    There is Substantial Ground for Difference of Opinion as to Each of the Three Controlling Questions of Law. ................................................. 5

       A.    Whether a Statement Can Constitute a "Corrective Disclosure" for Purposes of Loss Causation Where It Is Entirely Consistent With, and Not Contrary To, The Alleged Misstatement That it Supposedly Corrects. .......................................... 5

       B.    Whether Plaintiffs Have Alleged Specific Facts Tying Mr. Perry's March 1, 2007 Statement to a Drop in IndyMac Share Price, Where There Are Obvious Alternative Explanations for the Price Decline That the Court Must Consider. .................................................................................... 7

       C.    Whether the Order Conflicts with the Congressional and Supreme Court Mandate Requiring Plaintiffs to Plead Materiality. ................................................................................... 9

III.   An Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation. ................................................................... 10

IV.   The Action Should be Stayed Pending §1292(b) Certification and Appeal. ....................................................................................................... 11

CONCLUSION ....................................................................................................... 12

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL W. PERRY'S MOTION TO DISMISS THIRD
AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT; CASE NO. CV-07-1635 GW (VBKx)

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ........................................................................... 7, 8

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
    634 F. Supp. 2d 1081 (E.D. Cal. 2008) .............................................. 3, 10, 11, 12

*Dura Pharms., Inc. v. Broudo*,
    544 U.S. 336 (2005) ................................................................................... 4

*Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*,
    No. C 01-2821, 2004 WL 838160 (N.D. Cal. Apr. 19, 2004) ........................... 5

*Filtrol Corp. v. Kelleher*,
    467 F.2d 242 (9th Cir. 1972) ..................................................................... 11

*Garber v. Legg Mason, Inc.*,
    537 F. Supp. 2d 597 (S.D.N.Y. 2008) ........................................................... 9

*In re 2007 Novastar Fin., Inc. Sec. Litig.*,
    No. 07-0139-CV-W-ODS, 2008 U.S. Dist. LEXIS 44166
    (W.D. Mo. Jun. 4, 2008) ......................................................................... 6, 7

*In re Cement Antitrust Litig.*,
    673 F.2d 1020 (9th Cir. 1982) .............................................................. 2, 3, 10

*In re Daou Sys. Inc.*,
    411 F.3d 1006 (9th Cir. 2005) ..................................................................... 4

*In re Hansen Natural Corp. Sec. Litig.*,
    527 F. Supp. 2d 1142 (C.D. Cal. 2007) ......................................................... 9

*In re Intelligroup Sec. Litig.*,
    468 F. Supp. 2d 670 (D.N.J. 2006) ............................................................. 7, 8

*In re Marvell Tech. Group Ltd. Sec. Litig.*,
    No. C-06-06286 RMW ................................................................................ 3

*In re Pac. Homes*,
    456 F. Supp. 851 (C.D. Cal. 1978) ........................................................... 11, 12

*Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*,
   537 F.3d 527 (5th Cir. 2008)..........................................................................................3

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747, 755 (3d Cir. 1974) ...................................................................................3

*Kotrous v. Goss-Jewitt Co. of N. Cal.*,
   No. Civ. 5021520 FCD JFM, 2005 WL 2452606
   (E.D. Cal. Oct. 4, 2005)................................................................................................12

*Lentell v. Merrill Lynch & Co., Inc.*,
   396 F.3d 161 (2d Cir. 2005) ...........................................................................................5

*Mediterranean Enters. v. Ssangyong Corp.*,
   708 F.2d 1458 (9th Cir. 1983) .....................................................................................12

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ....................................................................................6, 7

*Morgan v. AXT, Inc.*,
   Nos. C 04-4362 MJJ, C 05-5106 MJJ, 2005 WL 2347125
   (N.D. Cal. Sept. 23, 2005) ..............................................................................................8

*New York State Teachers' Ret. Sys. v. Fremont Gen. Corp.*,
   No. 07-cv-5756-FMC-FFMx, 2009 WL 3112574
   (C.D. Cal. Sept. 25, 2009) ..............................................................................................9

*Northstar Fin. Advisors, Inc. v. Schwab Inv.*,
   No. 09-16347 (9th Cir. Jun. 29, 2009) ............................................................................2

*Panache Broad. of Penn., Inc. v. Richardson Elecs., Ltd.*,
   No. 90 C 6400, 1999 U.S. Dist. LEXIS 17529 (N.D. Ill. Oct. 29, 1999) ............5

*South Ferry LP #2 v. Killinger*,
   542 F.3d 776 (9th Cir. 2008) ..........................................................................................2

*South Ferry LP #2 v. Killinger*,
   No. C 04-1599C (W.D. Wash. Mar. 6, 2006) .................................................................3

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital, Inc.*,
   531 F.3d 190 (2d Cir. 2008) ...........................................................................................4

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*,
   633 F. Supp. 2d 763, 822 (D. Ariz. 2009) ......................................................................8

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL W. PERRY'S MOTION TO DISMISS THIRD
AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT; CASE NO. CV-07-1635 GW (VBKx)

ii

*U.S. Rubber Co. v. Wright*,
 359 F.2d 784 (9th Cir. 1966) ............................................................................. 2

*U.S. v. Woodbury*,
 263 F.2d 784 (9th Cir. 1959) ....................................................................... 3, 10

*Wells Fargo Bank v. Bourns, Inc.*,
 860 F. Supp. 709 (N.D. Cal. 1994) .................................................................... 5

**STATUTES**

15 U.S.C. § 78u-4(b)(3)(B) ....................................................................................... 3

28 U.S.C. § 1292(b) ........................................................................................... passim

**OTHER AUTHORITIES**

19 Jeremy WM. Moore, et al., *Moore's Federal Practice*, § 203.31[2] (3d Ed.) ................................................................................................................... 3

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL W. PERRY'S MOTION TO DISMISS THIRD
AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT; CASE NO. CV-07-1635 GW (VBKx)

iii

## INTRODUCTION

Pursuant to 28 U.S.C. § 1292(b), defendant Michael W. Perry requests that this Court certify for interlocutory appeal its order of December 11, 2009 ("Order"), that denied Mr. Perry's motion to dismiss the Fifth Amended Complaint ("5AC"). Mr. Perry requests certification to resolve the following issues:

1. Whether, for purposes of pleading loss causation, a statement can be a "corrective disclosure" when the statement is consistent with the alleged misrepresentation it supposedly corrects and neither analysts nor shareholders (nor anyone else) reacted to the statement as corrective?

2. Whether, for purposes of pleading loss causation, a plaintiff has alleged facts that connect the alleged corrective statement to the share price decline, where no one attributed the share price decline to the alleged corrective statement and, in fact, analysts cited other facts as the reason for the share price decline?

3. Whether a motion to dismiss a federal securities fraud claim may be denied -- and the case permitted to move into discovery and litigation on the merits -- where the court has expressly found that the complaint failed to allege materiality, which is an essential element of the cause of action for federal securities fraud?

Each of the questions presented relates to plaintiffs' fundamental pleading burden in this federal securities fraud action. As such, the resolution of each question controls -- as a matter of law -- whether this case should proceed into costly and protracted litigation on the merits.

Moreover, in each instance, Mr. Perry has highlighted serious deficiencies in the 5AC's allegations, and has made strong arguments that the 5AC does not meet the threshold requirements for pleading securities fraud under applicable

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL W. PERRY'S MOTION TO DISMISS THIRD
AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT; CASE NO. CV-07-1635 GW (VBKx)

1

Ninth Circuit case law governing loss causation and materiality. Accordingly, interlocutory appeal will resolve these hotly contested and controlling issues and will determine whether plaintiffs' claims are even actionable -- before the parties expend significant resources litigating this case to a final judgment on the merits.

Mr. Perry also asks the Court to stay this action while he seeks permission from the Ninth Circuit to proceed on interlocutory appeal of the Court's Order, and, should the Ninth Circuit grant interlocutory review, until Mr. Perry's appeal has been decided.

## LEGAL ARGUMENT

Section 1292(b) certification is appropriate where, as here, (1) the Order involves a "controlling question of law;" (2) there is "substantial ground for difference of opinion" as to that question; and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

The Ninth Circuit readily accepts interlocutory appeals of orders denying motions to dismiss involving federal securities claims. *See, e.g.*, *Northstar Fin. Advisors, Inc. v. Schwab Inv.*, No. 09-16347 (9th Cir. Jun. 29, 2009) (order granting petition for interlocutory appeal); *South Ferry LP #2 v. Killinger*, 542 F.3d 776, 779 (9th Cir. 2008) (reviewing an interlocutory appeal of district court order granting in part and denying in part motion to dismiss securities class action complaint).

Such appeals are particularly necessary in federal securities fraud cases to avoid "protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 n.2 (9th Cir. 1966) (noting Congress intended § 1292(b) be used in "antitrust and similar protracted cases") (citations omitted). In such situations, courts have expressed a willingness to grant interlocutory review because "certifying an appeal sooner rather than later will provide certainty to all parties

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL W. PERRY'S MOTION TO DISMISS THIRD
AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT; CASE NO. CV-07-1635 GW (VBKx)

2

going forward." *South Ferry LP #2 v. Killinger*, No. C 04-1599C (W.D. Wash. Mar. 6, 2006) (order granting motion for interlocutory appeal).

## I. The Order Involves Three Controlling Issues of Law.

The Court's Order denying Mr. Perry's motion to dismiss relies on three "controlling question[s] of law." 28 U.S.C. § 1292(b).

A controlling issue of law need not "be dispositive of the lawsuit in order to be regarded as controlling." *U.S. v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1092 (E.D. Cal. 2008) (finding that the controlling question need "only advance [the action's] ultimate termination"). Rather, a "controlling question" is one where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court," and at least encompasses "every order which, if erroneous, would be reversible error on final appeal." *Cement Antitrust*, 673 F.2d at 1026 (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)); 19 Jeremy WM. Moore, et al., *Moore's Federal Practice*, § 203.31[2] (3d Ed.) (if "resolution of the question being challenged on appeal will terminate the action in the district court, it is clearly controlling").

In the context of a claim for federal securities fraud, controlling questions of law exist where a complaint fails to plead any essential element of a securities fraud claim. Under the PSLRA, a securities fraud case cannot move into discovery and litigation on the merits where a plaintiff has failed to allege an essential element of such a claim. *See* 15 U.S.C. § 78u-4(b)(3)(B); *In re Marvell Tech. Group Ltd. Sec. Litig.*, No. C-06-06286 RMW, WL 4544439, at *13 (N.D. Cal. Sept. 29, 2008) ("The PSLRA imposes a stay on discovery until such time as plaintiffs have filed a complaint that meets applicable pleading standards."). Indeed, appellate courts have not hesitated to reverse district court rulings on interlocutory appeal, where the district court improperly found that an essential element of a securities fraud claim had been pled. *See, e.g.*, *Indiana Elec.*

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL W. PERRY'S MOTION TO DISMISS THIRD
AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT; CASE NO. CV-07-1635 GW (VBKx)

3

*Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*, 537 F.3d 527, 531 (5th Cir. 2008) (case remanded for dismissal, where district court had erred in finding essential element of scienter adequately pled); *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital, Inc.*, 531 F.3d 190, 192 (2d Cir. 2008) (same).

Each of the three questions of law Mr. Perry presents relates directly to essential elements of pleading a securities fraud claim -- two as to loss causation and one as to materiality. *In re Daou Sys. Inc.*, 411 F.3d 1006, 1014 (9th Cir. 2005) (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005)).

First, Mr. Perry identifies two discrete legal issues that call into question the Court's conclusion that the 5AC has pled loss causation. Immediate appeal will, as a matter of law, determine whether plaintiffs' allegations are sufficient to meet the threshold requirements for pleading loss causation. And, given the number of times plaintiffs have already attempted (unsuccessfully) to adequately plead loss causation, resolution of either of these issues in Mr. Perry's favor has a substantial likelihood of bringing this case to a close.[1]

Second, the Court's Order expressly found that the 5AC *did not* plead the element of materiality. Yet, the Court *denied* Mr. Perry's motion to dismiss. Appeal of this issue could materially affect the outcome of this litigation, because the Ninth Circuit is likely to determine that a securities fraud claim -- or any claim, for that matter -- cannot proceed past the pleading stage where the district court has affirmatively acknowledged that an essential element of that claim has not been pled. This likely constitutes reversible error, which will require remand to this Court to determine whether to dismiss the 5AC with prejudice or give plaintiffs further leave to amend.

---

[1] Plaintiffs previously alleged two different statements in January of 2007 as being the alleged corrective disclosure, but this Court found neither was sufficient. (Albarrán Decl., Ex. 2 at 68 (Sept. 24, 2009 Hearing Tr. at 24:12-16).) If the March 1, 2007 statement fails, plaintiffs have run out of options.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL W. PERRY'S MOTION TO DISMISS THIRD
AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT; CASE NO. CV-07-1635 GW (VBKx)

4

**II. There is Substantial Ground for Difference of Opinion as to Each of the Three Controlling Questions of Law.**

There are "substantial ground[s] for difference of opinion" as to each of the controlling questions of law that Mr. Perry presents. 28 U.S.C. § 1292(b).

A "substantial ground for difference of opinion" will be found where there is no controlling precedent, such as where an issue has "not been squarely addressed by the Ninth Circuit." *Wells Fargo Bank v. Bourns, Inc.*, 860 F. Supp. 709, 717 (N.D. Cal. 1994). Similarly, this element is met where there are "strong arguments on both sides" of a disputed issue, *Panache Broad. of Penn., Inc. v. Richardson Elecs., Ltd.*, No. 90 C 6400, 1999 U.S. Dist. LEXIS 17529, at *15 (N.D. Ill. Oct. 29, 1999), or where there are disagreements between "judicial bodies" (i.e., among the courts). *See Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*, No. C 01-2821, 2004 WL 838160, at *3 (N.D. Cal. Apr. 19, 2004) (noting failure to show substantial ground for difference of opinion "between and among judicial bodies").

Under this standard, the three issues Mr. Perry identified easily constitute questions for which there is a substantial ground for difference of opinion.

**A. Whether a Statement Can Constitute a "Corrective Disclosure" for Purposes of Loss Causation Where It Is Entirely Consistent With, and Not Contrary To, The Alleged Misstatement That it Supposedly Corrects.**

There is a substantial ground for difference of opinion as to whether Mr. Perry's March 1, 2007 statement constitutes a corrective disclosure.

A federal securities fraud plaintiff must plead loss causation, *i.e.*, a disclosure that corrects, or reveals the falsity of, a defendant's earlier alleged misstatement. *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 175 n.4 (2d Cir. 2005). The Ninth Circuit has held that this revelation of the truth cannot be pled by euphemism but instead must involve a statement that *directly reveals* that the

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL W. PERRY'S MOTION TO DISMISS THIRD
AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT; CASE NO. CV-07-1635 GW (VBKx)

5

earlier statement was false. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008).

In its Order, the Court held that Mr. Perry's statement on March 1, 2007 that IndyMac had "loosened its underwriting standards, though less than others in the industry" was a corrective disclosure relating to Mr. Perry's prior underwriting statements. The Order, however, never identifies any specific statement or statements made by Mr. Perry that his March 1, 2007 statement supposedly corrects. Nor could it -- the 5AC contains no allegation that Mr. Perry ever stated that IndyMac would never change or loosen its underwriting standards. Rather, Mr. Perry simply stated that IndyMac's underwriting practices were "sound." (*See* 5AC ¶¶ 135, 140.)

The Court's Order fails to recognize that a "loosening" of underwriting standards is fully consistent with those same standards being "sound." In other words, an underwriting standard may be loosened without undermining its overall soundness.[2] *See In re 2007 Novastar Fin., Inc. Sec. Litig.*, No. 07-0139-CV-W-ODS, 2008 U.S. Dist. LEXIS 44166, at *11 (W.D. Mo. Jun. 4, 2008), *aff'd*, 579 F.3d 878 (8th Cir. 2009) ("The Company may have changed or even weakened its . . . underwriting standards, but this does not mean that those . . . standards were not 'strong' or 'effective' as described in the Company's public statements.").

Moreover, no facts are alleged that anyone took Mr. Perry's remarks to be inconsistent with his earlier underwriting statements. Indeed, one analyst stated the day after Mr. Perry's remarks that IndyMac's portfolio remained "prudently underwritten," demonstrating that Mr. Perry's March 1, 2007 statement was not

---

[2] In his Motion to Dismiss the 5AC ("MTD"), Mr. Perry demonstrated that, in the context of his March 1 Statement, the "loosening" to which he referred related solely to minor changes to two underwriting metrics, FICO score and CLTV. (MTD, dkt. no. 196, at 3-4).)

corrective of his earlier statement about the portfolio being sound or prudent. (*See* MTD, dkt. no. 196, at 10.)

The 5AC does not allege facts that show how the "loosening" of certain underwriting metrics contradicts Mr. Perry's earlier statement about the "soundness" of IndyMac's underwriting standards. These are two entirely different concepts, unless the 5AC contains particularized factual allegations showing otherwise. *See Novastar*, 2008 U.S. Dist. LEXIS 44166 at *11 (dismissing complaint, because it failed "to demonstrate[] a connection between [underwriting] changes and the Company's later misfortunes"). Because the 5AC contains no such allegations, the March 1 statement is an example of pleading loss causation by "euphemism," which requires dismissal under the prevailing *Metzler* standard. 540 F.3d at 1064.

### B. Whether Plaintiffs Have Alleged Specific Facts Tying Mr. Perry's March 1, 2007 Statement to a Drop in IndyMac Share Price, Where There Are Obvious Alternative Explanations for the Price Decline That the Court Must Consider.

There is a substantial ground for difference of opinion as to whether plaintiffs have alleged facts tying a decline in IndyMac share price to Mr. Perry's statement on March 1, 2007. This conclusion is reinforced by the fact that the Court's Order failed to consider "obvious alternative explanation[s]" for this share price decline. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).

In his motion to dismiss, Mr. Perry demonstrated that plaintiffs failed to meet their burden of alleging any facts that connect Mr. Perry's March 1, 2007 statement to the small decline in IndyMac share price. *See In re Intelligroup Sec. Litig.*, 468 F. Supp. 2d 670, 693-94 (D.N.J. 2006).

Mr. Perry bolstered this conclusion by demonstrating that, on the same day as his statement, IndyMac made a downward revision to its projected 2007 return on equity ("ROE"). (MTD, dkt. no. 196, at 9-13). And two analyst reports attributed the share price drop to this revised ROE projection, and not to any

revelation of underwriting fraud. (*Id.*) Finally, a month later, shareholders voted to re-elect Mr. Perry to the Board of Directors of IndyMac, a fact wholly inconsistent with Mr. Perry having "revealed" that his prior underwriting statements were false. (*Id.* at 11-12.)

In short, Mr. Perry proffered exactly the type of "obvious alternative explanation" that the Supreme Court recently stated must be considered in evaluating motions to dismiss. *See Iqbal*, 129 S. Ct. at 1950-51. Mr. Perry also cited case law demonstrating that loss causation allegations fail where -- like here -- the alleged price drop is attributable to other non-fraudulent events that occurred contemporaneously with a purported corrective disclosure. *See Intelligroup*, 468 F. Supp. 2d at 692; *Morgan v. AXT, Inc.*, Nos. C 04-4362 MJJ, C 05-5106 MJJ, 2005 WL 2347125, at *16 (N.D. Cal. Sept. 23, 2005).

Yet the Court declined to consider any of these factors in finding that loss causation has been pled. Indeed, the Court's Order fails to point to any specific factual allegations in the 5AC that attribute the share price decline (or any part of it) to Mr. Perry's statement.[3]

Thus, there is a substantial ground for difference of opinion with respect to whether plaintiffs have sufficiently pled loss causation under the prevailing standards for pleading securities fraud.

---

[3] Mr. Perry also cited case law for the general proposition that a 6% share price drop is insignificant - and thus immaterial - as a matter of law. *Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*, 633 F. Supp. 2d 763, 822 (D. Ariz. 2009). In light of the fact that this recent case law casts doubt on whether a 6% price drop can *ever* be significant, it was especially critical for the Court to conduct a searching review of plaintiffs' loss causation allegations, along with the "obvious alternative explanations" advanced by Mr. Perry. That the Court did not do so leaves substantial ground for difference of opinion on the issue of whether the 5AC has adequately pled loss causation.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL W. PERRY'S MOTION TO DISMISS THIRD
AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT; CASE NO. CV-07-1635 GW (VBKx)

8

### C. Whether the Order Conflicts with the Congressional and Supreme Court Mandate Requiring Plaintiffs to Plead Materiality.

The question of materiality is one for which Mr. Perry advanced a strong argument in favor of dismissal of the 5AC. The Court itself acknowledged this when it expressly found that the 5AC does not adequately plead the materiality of Mr. Perry's alleged misstatements.

As Mr. Perry demonstrated, courts routinely dismiss securities fraud claims for failure to plead materiality. *See, e.g.*, *New York State Teachers' Ret. Sys. v. Fremont Gen. Corp.*, No. 07-cv-5756-FMC-FFMx, 2009 WL 3112574, at *7 (C.D. Cal. Sept. 25, 2009); *Garber v. Legg Mason, Inc.*, 537 F. Supp. 2d 597, 616-17 (S.D.N.Y. 2008), *aff'd*, No. 08-1831-cv, 2009 U.S. App. LEXIS 21404 (2d Cir. Sept. 30, 2009); *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1161 (C.D. Cal. 2007). Nevertheless, despite plaintiffs' failure to plead this essential element of their securities fraud claim, the Court declined to dismiss the 5AC.

With respect to materiality, the Court's Order suggested that the Court disapproved of Mr. Perry's counsel having raised the issue of materiality at the current procedural posture. Order at 1. It suggested that, to deter Mr. Perry from continuing to raise new issues, the Court would deny Mr. Perry's motion to dismiss, even though the 5AC suffered from an admitted failure to plead materiality.

But Mr. Perry's current counsel substituted in *after* a motion to dismiss the Third Amended Complaint was fully-briefed. Once the Court dismissed the Third Amended Complaint with leave to amend, the Court -- at plaintiffs' counsel request -- limited Mr. Perry's motion to dismiss the Fourth Amended Complaint to the issue of loss causation. (Albarrán Decl., Ex. 1 at 39 (May 11, 2009 Hearing Tr. at 37:17-25) (Court referred to the "motion on causation" in response to plaintiffs' counsel's request that "briefing [be limited] to the issue of loss

causation")). For this reason, Mr. Perry did not raise plaintiffs' failure to plead materiality at that juncture.

After dismissing the Fourth Amended Complaint with leave to amend, plaintiffs' counsel again requested that the motion to dismiss the 5AC be limited to loss causation. But counsel for Mr. Perry objected, and the Court did not place any limitations on Mr. Perry's motion to dismiss the 5AC other than rehashing points already discussed. Indeed, the Court expressly stated that "if there is something new in addition to something that has not been considered, obviously that is fine." (Albarrán Decl., Ex. 2 at 72 (Sept. 24, 2009 Hearing Tr. at 28:23-25).) Hence, Mr. Perry raised the failure to plead materiality in his motion to dismiss the 5AC.

Respectfully, the Court's holding was contrary to the large and established body of law mandating that the Court dismiss the 5AC on the basis that materiality was not pled. Although the Court implied that dismissal on materiality grounds would be futile, the Court's belief that plaintiffs *may* be able to allege materiality is not tantamount to plaintiffs having actually done so. As the law requires that plaintiffs actually allege materiality with particularity, there is a substantial ground for difference of opinion as to whether the Court followed the applicable law in denying Mr. Perry's motion.

### III. An Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation.

The final factor under § 1292(b) is whether the proposed appeal may materially advance the ultimate termination of the litigation by "appreciably shorten[ing] the time, effort, or expense of conducting the lawsuit." *Cement Antitrust*, 673 F.2d at 1027; *see also Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1093 ("the Court should consider the effect of a reversal by the court of appeals" on case management); *Woodbury*, 263 F.2d at 787.

Here, an interlocutory appeal will certainly materially advance the ultimate termination of this litigation, and prevent the needless expenditure of significant judicial and party resources. Indeed, were Mr. Perry to await issuance of a final judgment in this case before appealing the Court's Order (which would likely take years of litigation and a prolonged trial on the merits) and prevail on appeal, a Ninth Circuit reversal could require the litigation to start anew or even be dismissed with prejudice, resulting in immeasurable waste. *In re Pac. Homes*, 456 F. Supp. 851, 866 (C.D. Cal. 1978) (noting that if the appellate court reversed the ruling, the "parties would be forced to retry the case"). Such a result is not an optimal use of judicial or litigant resources.

In addition, "pragmatic consideration[s]," such as the "procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial" are also assessed when determining whether the final requirement for §1292(b) certification is met. *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1093 (citation omitted). Here, no discovery has been propounded, the case is still at the pleading stage, and Mr. Perry is the only remaining defendant. So, a successful appeal by Mr. Perry could well result in the termination of this lawsuit. Thus, this third and final element is met.

## IV. The Action Should be Stayed Pending §1292(b) Certification and Appeal.

Section 1292(b) also provides that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). District courts have broad discretion to issue a stay to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (citation omitted). "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
MICHAEL W. PERRY'S MOTION TO DISMISS THIRD
AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT; CASE NO. CV-07-1635 GW (VBKx)

11

an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted).

Here, a stay of the case pending § 1292(b) certification and any subsequent appeal is appropriate because a resolution of the interlocutory appeal in Mr. Perry's favor would, as noted, end the litigation. As such, it "would be a waste of judicial and party resources to proceed with the . . . claims while the appeal is pending." *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1094; *Kotrous v. Goss-Jewitt Co. of N. Cal.*, No. Civ. 5021520 FCD JFM, 2005 WL 2452606, at *5 (E.D. Cal. Oct. 4, 2005) (stay "will promote economy of time and effort for both the parties and the court").

Thus, Mr. Perry's motion for a stay pending §1292(b) certification and any appeal should be granted. *See In re Pac. Homes*, 456 F. Supp. at 866 (granting stay pending decision by the Court of Appeals on the request for interlocutory appeal).

## CONCLUSION

Mr. Perry requests that this Court certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b) and also stay this litigation pending such certification and appellate review.

DATED: January 4, 2010

Respectfully submitted,

COVINGTON & BURLING LLP

By: */s/ David B. Bayless*
David B. Bayless

Attorneys for Defendant Michael W. Perry