DAVID B. BAYLESS (SBN 189235)
E-mail: dbayless@cov.com
TAMMY ALBARRAN (SBN 215605)
E-mail: talbarran@cov.com
PAUL WATKINS (SBN 244974)
E-mail: pwatkins@cov.com
JOHN D. FREED (SBN 261518)
E-mail: jfreed@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:   415-591-6000
Facsimile:    415-591-6091

Attorneys for Defendant Michael W. Perry

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| WAYMAN TRIPP and SVEN MOSSBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>INDYMAC BANCORP, INC., and MICHAEL W. PERRY,<br><br>        Defendants. | Case No.: 2:07-cv-1635-GW (VBK)<br><br>**DEFENDANT MICHAEL W. PERRY'S ANSWER TO PLAINTIFFS' SIXTH AMENDED CLASS ACTION COMPLAINT** |

1    Defendant Michael W. Perry ("Mr. Perry"), by and through his undersigned
2  counsel, answers the Sixth Amended Class Action Complaint as follows:

3    Answering the introductory paragraph, Mr. Perry admits that Exhibit A is a
4  redlined version of the Fifth Amended Class Action Complaint.  Mr. Perry is
5  without knowledge or information sufficient to form a belief as to the truth
6  regarding the basis of plaintiffs' personal knowledge and information and belief,
7  and denies all the remaining allegations in that paragraph on this basis.

8    Answering the sentence between the introductory paragraph and
9  paragraph 1, to the extent this is a heading, no response is required.  If a response
10  is required, Mr. Perry denies the allegations in that sentence.

11    1.    Answering paragraph 1, Mr. Perry admits that plaintiffs purport to
12  bring this action on behalf of persons who purchased and/or otherwise acquired
13  common stock of IndyMac Bancorp, Inc. ("IndyMac") from March 1, 2006 to
14  March 1, 2007, inclusive (the "Class Period"), but denies that certification of such
15  a class is appropriate.  Mr. Perry further admits that plaintiffs purport to seek the
16  remedies set forth in paragraph 1.  Except as expressly admitted, Mr. Perry denies
17  the allegation set forth in paragraph 1.

18    2.    Answering paragraph 2, Mr. Perry admits that during the Class
19  Period defendant IndyMac was the holding company for IndyMac Bank F.S.B.,
20  which operated as a hybrid thrift/mortgage banker.  Except as expressly admitted,
21  Mr. Perry denies the allegations set forth in paragraph 2.

22    3.    Answering paragraph 3, Mr. Perry responds that to the extent the
23  allegations in paragraph 3 are not addressed to him, Mr. Perry is not required to
24  respond to them.  To the extent a response is required, the allegations concerning a
25  "bubble" in the housing market are so vague and uncertain that Mr. Perry lacks
26  sufficient knowledge or information to respond, and on that basis denies those
27  allegations.  To the extent the allegations in paragraph 3 concern the contents of a
28  Zelman Credit Suisse Analyst Report, that report speaks for itself, and Mr. Perry

denies the allegations regarding its content to the extent the allegations are inconsistent with that report.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations in paragraph 3.

4. Answering paragraph 4, Mr. Perry responds that to the extent the allegations in paragraph 4 are not addressed to him, Mr. Perry is not required to respond to them.  To the extent the allegations in paragraph 4 are based on IndyMac's public filings, those filings speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those filings.  The allegations in paragraph 4 are also so vague and uncertain that Mr. Perry lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations in paragraph 4.

5. Answering paragraph 5, Mr. Perry responds that to the extent the allegations in paragraph 5 are not addressed to him, Mr. Perry is not required to respond to them.  To the extent the allegations in paragraph 5 concern the contents of an August 21, 2006 article in Barron's, that document speaks for itself, and Mr. Perry denies the allegations regarding its content to the extent the allegations are inconsistent with the document.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations in paragraph 5.

6. Answering paragraph 6, Mr. Perry responds that the allegations set forth in that paragraph are so vague and uncertain that Mr. Perry lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies them.

7.      Answering paragraph 7, Mr. Perry responds that to the extent the allegations in paragraph 7 concern market awareness, Mr. Perry lacks knowledge or information to form a belief as to the truth of those allegations, and on this basis denies them.  To the extent the allegations in paragraph 7 concern the contents of IndyMac's public filings and other publicly available documents, those documents speak for themselves, and Mr. Perry denies the allegations concerning their contents to the extent the allegations are inconsistent with those documents. Except as expressly admitted, Mr. Perry denies the allegations set forth in Paragraph 7.

8.      Answering paragraph 8, Mr. Perry responds that to the extent the allegations in paragraph 8 constitute legal conclusions, no response is required. To the extent a response is required, Mr. Perry denies the allegations set forth in paragraph 8.

9.      Answering paragraph 9, Mr. Perry denies that "IndyMac's internal/operational controls were grossly deficient." To the extent the allegations in paragraph 9 are based on the statements of confidential witnesses, Mr. Perry lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies them.

10.     Answering paragraph 10, Mr. Perry responds that to the extent the allegations in paragraph 10 are based on the statements of confidential witnesses, Mr. Perry lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies them.

11.     Answering paragraph 11, Mr. Perry responds that the allegations set forth in paragraph 11 are so vague and uncertain that Mr. Perry lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies them.

12.     Answering paragraph 12, Mr. Perry responds that to the extent the allegations in paragraph 12 concern the contents of a January 16, 2007 press

DEFENDANT MICHAEL W. PERRY'S ANSWER TO
PLAINTIFFS' SIXTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

release and an analyst report, those documents speak for themselves, and Mr. Perry denies the allegations to the extent the they are inconsistent with those documents.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 concerning an analyst report downgrade, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations in paragraph 12.

13.     Answering paragraph 13, Mr. Perry responds that IndyMac's historical share prices speak for themselves, and he denies the allegations to the extent the allegations are inconsistent with those historical share prices.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 13.

14.     Answering paragraph 14, Mr. Perry responds that to the extent the allegations in paragraph 14 concern the contents of a January 25, 2007 press release, that document speaks for itself, and Mr. Perry denies the allegations regarding its content to the extent the allegations are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 14.

15.     Answering paragraph 15, Mr. Perry responds that to the extent the allegations in paragraph 15 concern the contents of a January 25, 2007 press release and an OIG Audit Report, those documents speak for themselves, and Mr. Perry denies the allegations regarding their contents to the extent the allegations are inconsistent with those documents.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 concerning the "OIG Audit Report," and on this basis denies them.  The allegations in paragraph 15 are also so vague and uncertain that Mr. Perry lacks knowledge or information sufficient to form a belief as to their truth, and on this basis denies them.  Mr. Perry also incorporates by reference his answer to paragraphs 35-42, 85-115, and 204-08.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 15.

16.     Answering paragraph 16, Mr. Perry avers that his statements speak for themselves, and he denies the allegations concerning his statements to the extent the allegations are inconsistent with those statements.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 16.

17.     Answering paragraph 17, Mr. Perry responds that IndyMac's historical share prices speak for themselves, and he denies the allegations to the extent the allegations are inconsistent with those historical share prices.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 17.

18.     Answering paragraph 18, Mr. Perry responds that to the extent the allegations in that paragraph constitute legal conclusions, he is not required to respond to them.  To the extent that the allegations in paragraph 18 concern the contents of a March 1, 2007 press release, that document speaks for itself, and Mr. Perry denies the allegations regarding its content to the extent the allegations are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 18.

19.     Answering paragraph 19, Mr. Perry responds that to the extent the allegations in paragraph 19 constitute legal conclusions, he is not required to respond to them.  Mr. Perry avers that IndyMac's historical share prices speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those historical share prices.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 19.

20.     Answering paragraph 20, Mr. Perry responds that to the extent the allegations in paragraph 20 are not directed to him, Mr. Perry is not required to respond to them.  Mr. Perry admits that on or about July 11, 2008, the FDIC was named as conservator for IndyMac, and that Mr. Perry and other senior management were removed.  Moreover, Mr. Perry lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning the FDIC's

losses, and on this basis denies that allegation.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 20.

21.     Answering paragraph 21, Mr. Perry responds that to the extent the allegations in paragraph 21 concern the content of a February 26, 2009 OIG Audit Report, that document speaks for itself, and Mr. Perry denies the allegations regarding its content to the extent the allegations are inconsistent with that document.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 21.

Answering the sentence between paragraphs 21 and 22, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

22.     Answering paragraph 22, Mr. Perry admits that plaintiffs purport to bring the claims identified in that paragraph.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 22.

23.     Answering paragraph 23, Mr. Perry admits that plaintiffs purport to invoke the jurisdiction of this Court as described in that paragraph.  To the extent that paragraph 23 purports to allege legal conclusions, no response is required. Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 23.

24.     Answering paragraph 24, Mr. Perry admits that plaintiffs purport to assert venue in this District as described in that paragraph.  Mr. Perry admits that during the purported Class Period IndyMac maintained its principal executive office in Pasadena, California.  To the extent that the allegations contained in paragraph 24 are legal conclusions, no response is required.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 24.

25.     Answering paragraph 25, Mr. Perry denies any wrongdoing.  To the extent that paragraph 25 purports to allege legal conclusions, no response is required.

Answering the sentences between the paragraphs 25 and 26, to the extent these are headings, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

26.     Answering paragraph 26, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiffs' purchases of IndyMac stock, and on this basis denies those allegations.  Mr. Perry denies the remaining allegations in paragraph 26.

Answering the sentence between paragraphs 26 and 27, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

27.     Answering paragraph 27, Mr. Perry admits that IndyMac maintained its principal executive offices at 888 East Walnut Street, Pasadena, California 91101.  Mr. Perry avers that IndyMac's publicly-reported financial information speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that public information.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 27.

28.     Answering paragraph 28, Mr. Perry admits that, during the alleged Class Period, he was the Chairman of IndyMac's Board of Directors and Chief Executive Officer of IndyMac.  Mr. Perry admits that he is a Master Certified Mortgage Banker, a former Certified Public Accountant, and that he previously served as an auditor with KPMG Peat Marwick.  To the extent the remaining allegations in paragraph 28 constitute legal conclusions, no response is required.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 28.

Answering the sentence between paragraphs 28 and 29, Mr. Perry denies the allegations in that sentence.

29.     Answering paragraph 29, Mr. Perry denies the allegations set forth in that paragraph.

30.     Answering paragraph 30, Mr. Perry responds that to the extent the allegations in that paragraph constitute legal conclusions, no response is required. To the extent a response is required, Mr. Perry denies the allegations set forth paragraph 30.

Answering the sentence between paragraphs 30 and 31, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

31.     Answering paragraph 31, Mr. Perry responds that the allegations in that paragraph are not directed to him, and so a response is not required.  To the extent a response is required, Mr. Perry denies the allegations set forth in paragraph 31.

32.     Answering paragraph 32, Mr. Perry admits that IndyMac used a software program called "e-MITS".  To the extent the remaining allegations in paragraph 32 constitute legal conclusions, no response is required.  To the extent a response is required, Mr. Perry denies the remaining allegations in paragraph 32.

33.     Answering paragraph 33, Mr. Perry responds that to the extent the allegations in that paragraph constitute legal conclusions, no response is required. To the extent a response is required, Mr. Perry denies the allegations set forth in paragraph 33.

34.     Answering paragraph 34, Mr. Perry responds that to the extent the allegations in paragraph 34, including subparts (a) - (d), concern the contents of IndyMac's public filings, those documents speak for themselves, and Mr. Perry denies the allegations concerning their contents to the extent the allegations are

1    inconsistent with those documents.  Except as expressly admitted, Mr. Perry

2    denies the allegations set forth in paragraph 34.

3            Answering the sentence between paragraphs 34 and 35, Mr. Perry denies

4    the allegations in that sentence.

5            35.    Answering paragraph 35, Mr. Perry denies the allegations set forth in

6    that paragraph.

7            36.    Answering paragraph 36, Mr. Perry responds to the extent the

8    allegations in paragraph 36 concern the contents of an OIG Audit Report, that

9    document speaks for itself, and Mr. Perry denies the allegations concerning its

10   content to the extent the allegations are inconsistent with that document.

11   Mr. Perry also lacks knowledge or information sufficient to form a belief as to the

12   truth of the allegations in paragraph 36, and on this basis denies them.  Except as

13   expressly admitted, Mr. Perry denies the allegations set forth in paragraph 36.

14           37.    Answering paragraph 37, Mr. Perry responds to the extent the

15   allegations in paragraph 37 concern the contents of an OIG Audit Report, that

16   document speaks for itself, and Mr. Perry denies the allegations concerning its

17   content to the extent the allegations are inconsistent with that document.

18   Mr. Perry also lacks knowledge or information sufficient to form a belief as to the

19   truth of the allegations in paragraph 37, and on this basis denies them.  Except as

20   expressly admitted, Mr. Perry denies the allegations set forth in paragraph 37.

21           38.    Answering paragraph 38, Mr. Perry responds to the extent the

22   allegations in paragraph 38 concern the contents of an OIG Audit Report, that

23   document speaks for itself, and Mr. Perry denies the allegations concerning its

24   content to the extent the allegations are inconsistent with that document.

25   Mr. Perry also lacks knowledge or information sufficient to form a belief as to the

26   truth of the allegations in paragraph 38, and on this basis denies them.  Except as

27   expressly admitted, Mr. Perry denies the allegations set forth in paragraph 38.

28

39.     Answering paragraph 39, Mr. Perry responds to the extent the allegations in paragraph 39 concern the contents of an OIG Audit Report, that document speaks for itself, and Mr. Perry denies the allegations concerning its content to the extent the allegations are inconsistent with that document. Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 39.

40.     Answering paragraph 40, Mr. Perry responds to the extent the allegations in paragraph 40 concern the contents of an OIG Audit Report, that document speaks for itself, and Mr. Perry denies the allegations concerning its content to the extent the allegations are inconsistent with that document. Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 40.

41.     Answering paragraph 41, Mr. Perry responds to the extent the allegations in paragraph 41 concern the contents of an OIG Audit Report, that document speaks for itself, and Mr. Perry denies the allegations concerning its content to the extent the allegations are inconsistent with that document. Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 41.

42.     Answering paragraph 42, Mr. Perry responds to the extent the allegations in paragraph 42 concern the contents of an OIG Audit Report, that document speaks for itself, and Mr. Perry denies the allegations concerning its content to the extent the allegations are inconsistent with that document. Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 42.

43.     Answering paragraph 43, Mr. Perry responds that to the extent the allegations in paragraph 43 concern the contents of a March 23, 2007 proxy statement, that document speaks for itself, and Mr. Perry denies the allegations concerning its content to the extent the allegations are inconsistent with that document.  To the extent the allegations in paragraph 43 relate to statements made by Confidential Witness Number 1 ("CW1"), Mr. Perry lacks knowledge or information sufficient to form a belief regarding the truth of those allegations, and on that basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 43.

44.     Answering paragraph 44, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW1, and on that basis denies the allegations set forth in paragraph 44.

45.     Answering paragraph 45, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW1, and on that basis denies the allegations set forth in paragraph 45.

46.     Answering paragraph 46, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by confidential witnesses, including CW1, and on that basis denies the allegations set forth in paragraph 46.  Mr. Perry also incorporates by reference his answer to paragraph 32.

47.     Answering paragraph 47, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW1, and on that basis denies the allegations set forth in paragraph 47.

48.     Answering paragraph 48, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations

regarding statements made by CW1, and on that basis denies those allegations. The remaining allegations in paragraph 48 are not directed to Mr. Perry, and so a response is not required.  To the extent a response is required Mr. Perry denies the allegations set forth in paragraph 48.

49.     Answering paragraph 49, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW1, and on that basis denies the allegations set forth in paragraph 49.

50.     Answering paragraph 50, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW1, and on that basis denies the allegations set forth in paragraph 50.

51.     Answering paragraph 51, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW1, and on that basis denies the allegations set forth in paragraph 51.

52.     Answering paragraph 52, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding Confidential Witness Two ("CW2"), and on that basis denies the allegations set forth in paragraph 52.

53.     Answering paragraph 53, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW2, and on that basis denies the allegations set forth in paragraph 53.

54.     Answering paragraph 54, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW2, and on that basis denies the allegations set forth in paragraph 54.

55.     Answering paragraph 55, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW2, and on that basis denies the allegations set forth in paragraph 55.

56.     Answering paragraph 56, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW2, and on that basis denies the allegations set forth in paragraph 56.

57.     Answering paragraph 57, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW2, and on that basis denies the allegations set forth in paragraph 57.

58.     Answering paragraph 58, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW2, and on that basis denies the allegations set forth in paragraph 58.

59.     Answering paragraph 59, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding Confidential Witness Three ("CW3"), and on that basis denies the allegations set forth in paragraph 59.

60.     Answering paragraph 60, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW3, and on that basis denies the allegations set forth in paragraph 60.

61.     Answering paragraph 61, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by "additional witnesses," and on that basis denies the allegations set forth in paragraph 61.

62.     Answering paragraph 62, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding Confidential Witness Four ("CW4"), and on that basis denies the allegations set forth in paragraph 62.

63.     Answering paragraph 63, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW4, and on that basis denies the allegations set forth in paragraph 63.

64.     Answering paragraph 64, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding Confidential Witness Five ("CW5"), and on that basis denies the allegations set forth in paragraph 64.

65.     Answering paragraph 65, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW5, and on that basis denies the allegations set forth in paragraph 65.

66.     Answering paragraph 66, Mr. Perry responds that to the extent the allegations in that paragraph relate to Mr. Perry's statements in a November 2, 2006 conference call, Mr. Perry responds that his statements speak for themselves, and he denies the allegations to the extent they are inconsistent with his statements.  To the extent the allegations in paragraph 66 relate to the content of a report produced by the Mortgage Asset Research Institute, Inc., that report speaks for itself, and Mr. Perry denies the allegations concerning its content, to the extent the allegations are inconsistent with that report.  The remaining allegations are so vague and uncertain that Mr. Perry lacks sufficient knowledge or information to form a belief regarding the truth of those allegations, and on that basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 66.

67.     Answering paragraph 67, Mr. Perry responds that the allegation in the first sentence of that paragraph is so vague and uncertain that Mr. Perry lacks sufficient knowledge or information to form a belief regarding the truth of that allegation, and on that basis denies it.  To the extent the allegations in paragraph 67 relate to Confidential Witness Six ("CW6"), Mr. Perry lacks knowledge or information sufficient to form a belief regarding the truth of the allegations, and on that basis denies those allegations.

68.     Answering paragraph 68, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW6, and on that basis denies the allegations set forth in paragraph 68.

69.     Answering paragraph 69, Mr. Perry responds that the allegations in the first sentence are so vague and uncertain that Mr. Perry lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.  Mr. Perry also lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW6, and on that basis denies the allegations set forth in paragraph 69. Mr. Perry also states that the allegations in the last sentence calls for an expert opinion, he lacks knowledge or information sufficient to form a belief as to the basis of those allegations and denies those allegations on this basis.

70.     Answering paragraph 70, Mr. Perry responds that the allegations in that paragraph are so vague and uncertain that he lacks sufficient knowledge or information to form a belief regarding the truth of those allegations, and on that basis denies them.  Mr. Perry also incorporates by reference his answers to paragraphs 44-45 and 55.

71.     Answering paragraph 71, Mr. Perry responds that the allegations in that paragraph are so vague and uncertain that he lacks sufficient knowledge or

information to form a belief regarding the truth of those allegations, and on that basis denies them.

72.     Answering paragraph 72, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW4, and on that basis denies those allegations.  To the extent the allegations in paragraph 72 are based on IndyMac's publicly available financial data, that data speaks for itself, and Mr. Perry denies these allegations to the extent they are inconsistent with that data.  Further, to the extent the allegations in paragraph 72 are based on Mr. Perry's statements in an April 25, 2006 conference call, Mr. Perry responds that his statements speak for themselves, and he denies the allegations to the extent they are inconsistent with his statements.  To the extent any of the allegations in paragraph 72 are not directed to Mr. Perry, he is not required to respond to them.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 72.

73.     Answering paragraph 73, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW2, and on that basis denies those allegations.

74.     Answering paragraph 74, Mr. Perry responds he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by confidential witnesses, and on that basis denies those allegations.  To the extent the allegations in paragraph 74 are not based on a confidential witness, they are so vague and uncertain that Mr. Perry lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

75.     Answering paragraph 75, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW5, and on that basis denies those allegations.

76.     Answering paragraph 76, Mr. Perry responds that to the extent the allegations in that paragraph constitute legal conclusions, he is not required to respond to them.  To the extent the allegations in paragraph 76 relate to IndyMac's publicly available financial data, that data speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with such data.  Furthermore, the allegations concerning "grossly deficient" loans and "grossly loosen[ed]" underwriting standards are so vague and uncertain that Mr. Perry lacks knowledge or information sufficient to form a belief regarding the truth of those allegations, and on that basis denies them.

77.     Answering paragraph 77, Mr. Perry responds that the allegations in that paragraph are so vague and uncertain that he lacks knowledge or information sufficient to form a belief regarding the truth of those allegations, and on that basis denies them.

78.     Answering paragraph 78, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW5, and on that basis denies those allegations.  Further, to the extent the allegations in paragraph 78 are not directed to Mr. Perry, he is not required to respond to them.

79.     Answering paragraph 79, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW5, and on that basis denies those allegations.  To the extent the allegations in paragraph 79 are not based statements made by CW5, they are so vague and uncertain that Mr. Perry lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and on that basis denies them.

80.     Answering paragraph 80, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations

regarding Confidential Witness Number Seven ("CW7"), and on that basis denies those allegations.

81.     Answering paragraph 81, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by confidential witnesses, including CW7, and on that basis denies those allegations.  To the extent the allegations in paragraph 81 are based on Mr. Perry's statements made during the Q3 2006 earnings conference call, Mr. Perry responds that his statements speak for themselves, and he denies the allegations to the extent they are inconsistent with his statements.  Mr. Perry incorporates by reference his answer to paragraph 166.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 81.

82.     Answering paragraph 82, Mr. Perry denies that the statement he made during the Q3 2006 earnings conference call was false.  To the extent the allegations in paragraph 82 are based on Mr. Perry's statements made during the Q3 2006 earnings conference call and an internal IndyMac document, his statements and that document speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with the content of his statements or that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 82.

83.     Answering paragraph 83, Mr. Perry responds that to the extent the allegations in that paragraph are based on the "2009 OIG Audit Report," that document speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that document.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 concerning the "2009 Audit Report," and on this basis denies them.  Mr. Perry also incorporates by reference his answers to paragraphs 204-09.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 83.

84.     Answering paragraph 84, Mr. Perry responds that the allegations in that paragraph that concern "a number of lawsuits" are so vague and uncertain that Mr. Perry lacks sufficient knowledge or information upon which to base a response, and on that basis denies them.  To the extent that the allegations in paragraph 84 purport to reference specific filings in specific lawsuits, Mr. Perry responds that those filings speak for themselves, and no further response is required.

Answering the sentence immediately after paragraph 84, Mr. Perry denies the allegations in that sentence.

Answering the sentence immediately before paragraph 85, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

85.     Answering paragraph 85, Mr. Perry admits the existence of a lawsuit entitled *IndyMac Bank F.S.B. v. Silver State Mortgage*, No. 07-CV-00405 ("Silver State Action"), filed by IndyMac against Silver State Mortgage in the United States District Court for the District of Nevada.  To the extent the allegations in paragraph 85 concern the complaint in the Silver State Action, that document speaks for itself, and Mr. Perry denies allegations concerning its content to the extent the allegations are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 85.

86.     Answering paragraph 86, Mr. Perry responds that to the extent the allegations in paragraph 86 concern the complaint in the Silver State Action, that document speaks for itself, and Mr. Perry denies allegations concerning its content to the extent the allegations are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 86.

87.     Answering paragraph 87, Mr. Perry responds that the allegations in that paragraph are not directed to him, and so a response is not required.  To the extent the allegations in paragraph 87 call for an expert opinion, Mr. Perry

responds that he lacks knowledge or information sufficient to form a belief as to the basis of those allegations and denies those allegations on this basis.  To the extent the allegations in paragraph 87 concern the contents of a Report to the Mortgage Bankers Association and testimony before the U.S. House of Representatives, those publicly available documents speak for themselves, and Mr. Perry denies allegations concerning their content to the extent the allegations are inconsistent with those documents.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 87.

88.     Answering paragraph 88, Mr. Perry responds that to the extent the allegations in that paragraph are not directed to him, he is not required to respond to them.  Further, to the extent the allegations in paragraph 87 call for an expert opinion, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief as to the basis of those allegations and denies those allegations on this basis.

89.     Answering paragraph 89, Mr. Perry responds that to the extent the allegations in paragraph 89 concern the complaint in the Silver State Action, that document speaks for itself, and Mr. Perry denies allegations concerning its content to the extent the allegations are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 89.

90.     Answering paragraph 90, Mr. Perry responds that to the extent the allegations in paragraph 90 concern the complaint in the Silver State Action and other public data, that complaint and those data speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with these items.  Mr. Perry also denies plaintiffs' attempt to characterize the Silver State Action complaint and public data.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 90.

91.     Answering paragraph 91, Mr. Perry responds that to the extent the allegations in paragraph 91 concern the complaint in the Silver State Action and

other public data, that complaint and those data speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with these items.  Mr. Perry also denies plaintiffs' attempt to characterize the Silver State Action complaint and public data.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 91.

92.     Answering paragraph 92, Mr. Perry responds that to the extent the allegations in that paragraph are not directed to him, he is not required to respond to them.  To the extent the allegations in paragraph 92 concern the complaint in the Silver State Action and the OIG Audit Report, those documents speak for themselves, and Mr. Perry denies allegations concerning their contents to the extent the allegations are inconsistent with those documents.  Mr. Perry also denies plaintiffs' attempt to characterize the Silver State Action complaint and the OIG Audit Report.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 concerning the OIG Audit Report, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 92.

93.     Answering paragraph 93, Mr. Perry responds that to the extent the allegations in that paragraph are not directed to him, he is not required to respond to them.  To the extent the allegations in the first sentence call for an expert opinion, Mr. Perry responds that he lacks knowledge or information sufficient to form a belief as to the basis of those allegations and denies those allegations on this basis.  To the extent the remaining allegations in paragraph 93 concern the contents of a *Washington Post* article, that article speaks for itself, and Mr. Perry denies allegations concerning its contents to the extent they are inconsistent with that article.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 93.

94.     Answering paragraph 94 (including the chart it contains), Mr. Perry responds that to the extent the allegations in that paragraph concern the complaint

in the Silver State Action and other public data, that complaint and those data speak for themselves, and Mr. Perry denies allegations concerning those items to the extent the allegations are inconsistent with those items.  Mr. Perry also denies plaintiffs' attempt to characterize the Silver State Action complaint and the public data.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 94.

95.    Answering paragraph 95, Mr. Perry responds that to the extent the allegations in that paragraph constitute legal conclusions, he is not required to respond to them.  Further, to the extent the allegations in paragraph 95 concern the complaint in the Silver State Action and other public data, that complaint and those data speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those items.  Mr. Perry also denies plaintiffs' attempt to characterize the Silver State Action complaint and the public data.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 95.

96.    Answering paragraph 96, Mr. Perry responds that the public data that is the subject of the allegations in that paragraph speaks for itself, and Mr. Perry denies the allegations to the extent the allegations are inconsistent with that data.  Mr. Perry also denies plaintiffs' attempt to characterize the public data.  Further, the allegation concerning "significant amount of the early defaulting loans" is so vague and uncertain that Mr. Perry lacks sufficient knowledge or information upon which to base a response.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 96.

Answering the sentence between paragraphs 96 and 97, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

97.    Answering paragraph 97, Mr. Perry admits the existence of a lawsuit entitled *IndyMac Bank, F.S.B. v. Lancaster Mortgage Bankers, LLC*, No. 07-cv-00270-DDP ("Lancaster Action"), that IndyMac filed against Lancaster Mortgage

Bankers, LLC in the Central District of California.  To the extent the allegations in paragraph 97 concern the contents of the complaint in the Lancaster Action, that document speaks for itself, and Mr. Perry denies those allegations to the extent they are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 97.

98.    Answering paragraph 98, Mr. Perry responds that to the extent the allegations in that paragraph concern the contents of the complaint in the Lancaster Action, that document speaks for itself, and Mr. Perry denies allegations concerning its contents to the extent those allegations are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 98.

99.    Answering paragraph 99, Mr. Perry responds that to the extent the allegations in that paragraph concern the contents of the complaint in the Lancaster Action, that document speaks for itself, and Mr. Perry denies the allegations concerning its contents to the extent those allegations are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 99.

100.   Answering paragraph 100, Mr. Perry responds that to the extent the allegations in that paragraph concern the contents of the complaint in the Lancaster Action, that document speaks for itself, and Mr. Perry denies the allegations concerning its contents to the extent those allegations are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 100.

101.   Answering paragraph 101, Mr. Perry responds that to the extent the allegations in that paragraph concern the contents of the complaint in the Lancaster Action and various publicly available data, that complaint and that data speak for themselves, and Mr. Perry denies the allegations to the extent the allegations are inconsistent with those items.  Mr. Perry also denies plaintiffs'

attempt to characterize the complaint in the Lancaster Action and the public data. Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 101.

102.   Answering paragraph 102 (including the chart it contains), Mr. Perry responds that to the extent the allegations in that paragraph concern the contents of the complaint in the Lancaster Action and various publicly available data, that complaint and those data speak for themselves, and Mr. Perry denies the allegations to the extent the allegations are inconsistent with those items. Mr. Perry also denies plaintiffs' attempt to characterize the complaint in the Lancaster Action and the public data.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 102.

103.   Answering paragraph 103, Mr. Perry responds that to the extent the allegations in this paragraph constitute legal conclusions, no response is required. To the extent a response is required, Mr. Perry denies the allegations set forth in paragraph 103.  Mr. Perry also denies plaintiffs' attempt to characterize the complaints in the Silver State Action and the Lancaster Action.

Answering the sentence between paragraphs 103 and 104, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

104.   Answering paragraph 104, Mr. Perry admits the existence of a lawsuit entitled *IndyMac Bank, F.S.B. v. Geneva Mortgage Corp.*, No. 07-cv-01914-R-MAN ("Geneva Action"), that IndyMac filed against Geneva Mortgage Corp. in the United States District Court for the Central District of California.  To the extent the allegations in paragraph 104 concern the contents of the complaint in the Geneva Action, that document speaks for itself, and Mr. Perry denies these allegations to the extent they are inconsistent with that document.  Mr. Perry also denies plaintiffs' attempt to characterize the complaint in the Geneva Action.

Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 104.

105.   Answering paragraph 105, Mr. Perry responds that to the extent the allegations in paragraph 105 concern the contents of the complaint in the Geneva Action, that document speaks for itself, and Mr. Perry denies these allegations to the extent they are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 105.

106.   Answering paragraph 106, Mr. Perry responds that to the extent the allegations in paragraph 106 concern the contents of the complaint in the Geneva Action, that document speaks for itself, and Mr. Perry denies these allegations to the extent they are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 106.

107.   Answering paragraph 107, Mr. Perry responds that to the extent the allegations in paragraph 107 concern the contents of the complaint in the Geneva Action, that document speaks for itself, and Mr. Perry denies these allegations to the extent they are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 107.

108.   Answering paragraph 108, Mr. Perry responds that to the extent the allegations in paragraph 108 concern the contents of the complaint in the Geneva Action and various publicly available data, that document and that data speak for themselves, and Mr. Perry denies these allegations to the extent they are inconsistent with that document and that data.  Mr. Perry also denies plaintiffs' attempt to characterize the complaint in the Geneva Action.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 108.

109.   Answering paragraph 109 (including the chart it contains), Mr. Perry responds that to the extent the allegations in that paragraph concern the contents of the complaint in the Geneva Action and various publicly available data, that document and that data speak for themselves, and Mr. Perry denies these

1  allegations to the extent they are inconsistent with that document and that data.

2  Mr. Perry also denies plaintiffs' attempt to characterize the complaint in the

3  Geneva Action and the public data.  Except as expressly admitted, Mr. Perry

4  denies the allegations set forth in paragraph 109.

5  110.   Answering paragraph 110, Mr. Perry responds that to the extent the

6  allegations in paragraph 110 are legal conclusions, he is not required to respond to

7  them.  To the extent that the allegations in paragraph 110 concern the subject

8  matter of those litigations, the public filings in those litigations speak for

9  themselves, and Mr. Perry denies those allegations to the extent they are

10  inconsistent with information contained in those public filings.  Mr. Perry also

11  denies plaintiffs' attempt to characterize the Silver State Action, the Lancaster

12  Action, and the Geneva Action.  Except as expressly admitted, Mr. Perry denies

13  the allegations set forth in paragraph 110.

14  111.   Answering paragraph 111, Mr. Perry responds that he lacks

15  knowledge or information sufficient to form a belief regarding the truth of

16  allegations regarding statements made by CW2, and on that basis denies those

17  allegations.

18  112.   Answering paragraph 112, Mr. Perry admits the existence of a

19  lawsuit entitled *Cedeno v. IndyMac Bancorp, Inc.*, No. 06-CV-6438 (JGK)

20  (S.D.N.Y.) ("Cedeno Action").  To the extent the allegations in paragraph 112

21  concern the content of the complaint in the Cedeno Action, that document speaks

22  for itself, and Mr. Perry denies these allegations to the extent they are inconsistent

23  with that document.  Mr. Perry also denies plaintiffs' attempt to characterize the

24  Cedeno Action.  Except as expressly admitted, Mr. Perry denies the allegations set

25  forth in paragraph 112.

26  113.   Answering paragraph 113, Mr. Perry responds that to the extent the

27  allegations in paragraph 113 concern the content of the complaint in the Cedeno

28  Action, that document speaks for itself, and Mr. Perry denies these allegations to

the extent they are inconsistent with that document.  Mr. Perry also responds that he lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by confidential witnesses in the Cedeno Action, and on that basis denies those allegations.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 113.

114.   Answering paragraph 114, Mr. Perry responds that to the extent the allegations in that paragraph are not directed to him, he is not required to answer them.  Further, the allegations in paragraph 114 are so vague and uncertain that Mr. Perry lacks sufficient knowledge or information form a belief as to the truth of those allegations, and on this basis denies them.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 114.

115.   Answering paragraph 115, Mr. Perry responds that to the extent the allegations in paragraph 115 concern the content of the complaint in the Cedeno Action, that document speaks for itself, and Mr. Perry denies these allegations to the extent they are inconsistent with that document.  Mr. Perry also denies plaintiffs' attempt to characterize the Cedeno Action.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 115.

Answering the sentence between paragraphs 115 and 116, Mr. Perry denies the allegations in that sentence.

116.   Answering paragraph 116, Mr. Perry responds that to the extent the first sentence of that paragraphs constitutes a legal conclusion, he is not required to respond to it.  The remaining allegations in paragraph 116 are not directed to Mr. Perry as they outline a structure for the remainder of the Sixth Amended Class Action Complaint, and so he is not required to respond to them.  To the extent a response is required, Mr. Perry denies all the allegations set forth in paragraph 116.  Mr. Perry incorporates by reference his answer to paragraphs 121, 144, 169, and 209, *supra*.

Answering the sentence between paragraphs 116 and 117, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

117.   Answering paragraph 117, Mr. Perry admits that on March 1, 2006 IndyMac filed its Form 10-K for the year ending December 31, 2005 ("2005 10-K") with the SEC.  Mr. Perry admits that he signed the 2005 10-K.  To the extent the allegations in the last sentence call for a legal conclusion, no response is required.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 117.

Answering the sentence between paragraphs 117 and 118, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

118.   Answering paragraph 118, Mr. Perry responds that to the extent the allegations in paragraph 118 concern the contents of the 2005 10-K, that document speaks for itself, and Mr. Perry denies these allegations to the extent they are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 118.

119.   Answering paragraph 119, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry incorporates by reference his answer to paragraphs 32-34, and 48.

120.   Answering paragraph 120, Mr. Perry denies the allegations in that paragraph.

121.   Answering paragraph 121, Mr. Perry denies the allegations in that paragraph.  Mr. Perry also lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW1, and on that basis denies those allegations.  Mr. Perry incorporates by reference his answer to paragraphs 43-49, and 118.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 121.

DEFENDANT MICHAEL W. PERRY'S ANSWER TO
PLAINTIFFS' SIXTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

Answering the sentence between paragraphs 121 and 122, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

122.   Answering paragraph 122, Mr. Perry responds that to the extent the allegations in that paragraph concern the contents of the 2005 10-K, that document speaks for itself, and Mr. Perry denies these allegations to the extent they are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 122.

123.   Answering paragraph 123, Mr. Perry denies the allegations in that paragraph.  Mr. Perry incorporates by reference his answer to paragraphs 32-34.

124.   Answering paragraph 124, Mr. Perry denies the allegations in that paragraph.

125.   Answering paragraph 125, Mr. Perry denies the allegations in that paragraph.  Mr. Perry also lacks knowledge or information sufficient to form a belief regarding the truth of allegations regarding statements made by CW1, and on that basis denies those allegations.  Mr. Perry incorporates by reference his answer to paragraphs 43-49, and 122.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 125.

Answering the sentence between paragraphs 125 and 126, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

126.   Answering paragraph 126, Mr. Perry admits that on April 25, 2006 IndyMac filed its Form 10-Q for the quarter ending March 31, 2006 with the SEC ("2006 First Quarter 10-Q").  Mr. Perry admits that he signed the 2006 First Quarter 10-Q.  To the extent the allegations in the last sentence call for a legal conclusion, no response is required.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 126.

127.   Answering paragraph 127, Mr. Perry responds that to the extent the allegations in that paragraph concern the contents of the 2006 First Quarter 10-Q, that document speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 127.

128.   Answering paragraph 128, Mr. Perry denies the allegations in that paragraph.

129.   Answering paragraph 129, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also incorporates by reference his answers to paragraphs 43-51 and 127.

130.   Answering paragraph 130, Mr. Perry denies the allegations in that paragraph.  To the extent the allegations in this paragraph are based on public filings in lawsuits involving IndyMac, those filings speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those filings.  Mr. Perry also incorporates by reference his answer to paragraphs 43-51, 67-70, 73-75, 84, and 127.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 130.

Answering the sentence between paragraphs 130 and 131, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

131.   Answering paragraph 131, Mr. Perry admits that on April 25, 2006, he participated in a conference call with analysts.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 131.

132.   Answering paragraph 132, Mr. Perry responds that to the extent the allegations in this paragraph are based on Mr. Perry's statements, his statements speak for themselves, and he denies the allegations to the extent they are inconsistent with his statements.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 132.

133.   Answering paragraph 133, Mr. Perry denies the allegations set forth in that paragraph.

134.   Answering paragraph 134, Mr. Perry denies the allegations in that paragraph.  To the extent that the allegations in paragraph 134 are based on an IndyMac document entitled *Here We Grow*, that document speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that presentation.  Mr. Perry further denies plaintiffs' attempt to characterize the *Here We Grow* document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 134.

Answering the sentence between paragraphs 134 and 135, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

135.   Answering paragraph 135, Mr. Perry admits that on July 27, 2006 IndyMac filed its Form 10-Q for the quarter ending June 30, 2006 with the SEC ("2006 Second Quarter 10-Q").  Mr. Perry admits that he signed the 2006 Second Quarter 10-Q.  To the extent the allegations in the last sentence call for a legal conclusion, no response is required.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 135.

136.   Answering paragraph 136, Mr. Perry responds that to the extent the allegations in that paragraph concern the contents of the 2006 Second Quarter 10-Q, that document speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 136.

137.   Answering paragraph 137, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also incorporates by reference his answer to paragraphs 132-33.

Answering the sentence between paragraphs 137 and 138, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

138.   Answering paragraph 138, Mr. Perry admits that on September 13, 2006, he participated in the Lehman Brothers' 2006 Financial Services Conference.  To the extent the allegations in paragraph 138 are based on the content of Mr. Perry's presentation, as filed with the SEC in a Form 8-K, that presentation speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that presentation.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 138.

Answering the sentence between paragraphs 138 and 139, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

139.   Answering paragraph 139, Mr. Perry denies the allegations set forth in that paragraph.

140.   Answering paragraph 140, Mr. Perry denies the allegations set forth in that paragraph.

141.   Answering paragraph 141, Mr. Perry denies the allegations in that paragraph.  To the extent the allegations in paragraph 141 are based on public filings in litigation involving IndyMac, those filings speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those filings.  Mr. Perry also incorporates by reference his answers to paragraph 138.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 141.

Answering the sentence between paragraphs 141 and 142, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

142.   Answering paragraph 142, Mr. Perry denies the allegations set forth in that paragraph.

143.   Answering paragraph 143, Mr. Perry denies the allegations in that paragraph.  To the extent that the allegations in paragraph 143 are based on a document entitled *Here We Grow*, that document speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that presentation.  Mr. Perry further denies plaintiffs' attempt to characterize the IndyMac *Here We Grow* presentation.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 143.

144.   Answering paragraph 144, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also incorporates by reference his answers to paragraph 138.

Answering the sentence between paragraphs 144 and 145, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

145.   Answering paragraph 145, Mr. Perry denies the allegations set forth in that paragraph.

146.   Answering paragraph 146, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also incorporates by reference his answer to paragraphs 43-51.

147.   Answering paragraph 147, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also incorporates by reference his answer to paragraph 138.

Answering the sentence between paragraphs 147 and 148, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

148.   Answering paragraph 148, Mr. Perry denies the allegations set forth in that paragraph.

149.   Answering paragraph 149, Mr. Perry denies the allegations set forth in that paragraph.

150.   Answering paragraph 150, Mr. Perry denies the allegations set forth in that paragraph.  To the extent the allegations in paragraph 150 are based on deposition transcripts from litigation involving IndyMac, those transcripts speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those transcripts.  Mr. Perry also denies plaintiffs' attempt to characterize those deposition transcripts.  Further, Mr. Perry incorporates by reference his answer to paragraph 138.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 150.

Answering the sentence between paragraphs 150 and 151, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

151.   Answering paragraph 151, Mr. Perry denies the allegations set forth in that paragraph.

152.   Answering paragraph 152, Mr. Perry denies the allegations set forth in that paragraph.

153.   Answering paragraph 153, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also incorporates by reference his answer to paragraph 138.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 153.

Answering the sentence between paragraphs 153 and 154, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

154.   Answering paragraph 154, Mr. Perry denies the allegations set forth in that paragraph.

155.   Answering paragraph 155, Mr. Perry denies the allegations set forth in that paragraph.

156.   Answering paragraph 156, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also incorporates by reference his answers to paragraph 138.

Answering the sentence between paragraphs 156 and 157, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

157.   Answering paragraph 157, Mr. Perry responds that to the extent the allegations in that paragraph relate to the content of a statement made by Scott Keys, that statement speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that statement.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 157.

158.   Answering paragraph 158, Mr. Perry denies the allegations set forth in that paragraph.

159.   Answering paragraph 159, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also denies plaintiffs' attempt to characterize "IndyMac's seller litigation."

160.   Answering paragraph 160, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry further denies that Mr. Keys' statement is actionable against him.

161.   Answering paragraph 161, Mr. Perry denies the allegations set forth in that paragraph.  To the extent the allegations in paragraph 161 are based on information contained in publicly available litigation documents, those documents speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those documents.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 161.

Answering the sentence between paragraphs 161 and 162, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

DEFENDANT MICHAEL W. PERRY'S ANSWER TO
PLAINTIFFS' SIXTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

35

162.   Answering paragraph 162, Mr. Perry admits that on November 2, 2006 IndyMac filed its Form 10-Q for the quarter ending September 30, 2006 with the SEC ("2006 Third Quarter 10-Q").  Mr. Perry admits that he signed the 2006 Third Quarter 10-Q.  To the extent the allegations in the last sentence call for a legal conclusion, no response is required.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 162.

163.   Answering paragraph 163, Mr. Perry responds that to the extent the allegations in that paragraph concern the contents of the 2006 Third Quarter 10-Q, that document speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 163.

164.   Answering paragraph 164, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also incorporates by reference his answer to paragraphs 128-30.

Answering the sentence between paragraphs 164 and 165, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

165.   Answering paragraph 165, Mr. Perry admits that on November 2, 2006, he spoke on an earnings conference call.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 165.

166.   Answering paragraph 166, Mr. Perry responds that to the extent the allegations in that paragraph are based on Mr. Perry's statements in the November 2, 2006 conference call, those statements speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those statements. Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 166.

167.   Answering paragraph 167, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry incorporates by reference his answer to paragraph 128.

168.   Answering paragraph 168, Mr. Perry denies the allegations set forth in that paragraph.

169.   Answering paragraph 169, Mr. Perry lacks knowledge or information sufficient to form a belief as to the truth of allegations based on the statements of CW7, and on that basis denies them.  To the extent the allegations in paragraph 169 are based on a document entitled "IndyMac Bank NonPrime Program Matrix," that document speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that document.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 169.

170.   Answering paragraph 170, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also incorporates by reference his answers to paragraph 166.

Answering the sentence between paragraphs 170 and 171, Mr. Perry denies the allegations in that sentence.

171.   Answering paragraph 171, Mr. Perry denies the allegations set forth in that paragraph.

172.   Answering paragraph 172, Mr. Perry denies the allegations set forth in that paragraph.  To the extent the allegations in paragraph 172 are based on IndyMac's historical share prices, those historical share prices speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those historical share prices.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 172.

173.   Answering paragraph 173, Mr. Perry denies the allegations set forth in that paragraph.  To the extent the allegations in paragraph 173 are based on the public statements of Mr. Perry and IndyMac, those statements speak for

themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those statements.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 173.

174.   Answering paragraph 174, Mr. Perry denies the allegations set forth in that paragraph.  To the extent the allegations in paragraph 174 are based on IndyMac's historical share prices, those historical share prices speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those historical share prices.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 174.

175.   Answering paragraph 175, denies the allegations set forth in that paragraph.

Answering the sentence between paragraphs 175 and 176, Mr. Perry denies the allegations in that sentence.

176.   Answering paragraph 176, Mr. Perry responds that to the extent the allegations in that paragraph are based on a January 16, 2007 press release, that press release speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that press release.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 176.

177.   Answering paragraph 177, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also incorporates by reference his answers to paragraphs 43-84.

178.   Answering paragraph 178, Mr. Perry denies the allegations set forth in that paragraph.

179.   Answering paragraph 179, Mr. Perry responds that to the extent the allegations in that paragraph are based on a January 17, 2007 Keefe, Bruyette & Woods analyst report, that analyst report speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that analyst report.  Mr. Perry denies plaintiffs' attempt to characterize this January 17, 2007 analyst

report.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 179.

180.   Answering paragraph 180, Mr. Perry responds that to the extent the allegations in that paragraph are based on a January 17, 2007 Keefe, Bruyette & Woods analyst report, that analyst report speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that analyst report.  Mr. Perry denies plaintiffs' attempt to characterize this January 17, 2007 analyst report.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 180.

181.   Answering paragraph 181, Mr. Perry responds that to the extent the allegations in that paragraph are based on a January 17, 2007 Foxx-Pitt, Kelton analyst report, that analyst report speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that analyst report.  Mr. Perry denies plaintiffs' attempt to characterize this January 17, 2007 analyst report. Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 181.

182.   Answering paragraph 182, Mr. Perry denies the allegations set forth in that paragraph.  To the extent the allegations in paragraph 182 are based on IndyMac's historical share prices, those historical share prices speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those historical share prices.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 182.

183.   Answering paragraph 183, Mr. Perry responds that to the extent the allegations in that paragraph are based on the content of a January 22, 2007 Roth Capital Partners analyst report, that analyst report speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that analyst report. Mr. Perry denies plaintiffs' attempt to characterize this January 22, 2007 analyst

1    report.  Except as expressly admitted, Mr. Perry denies the allegations set forth in

2    paragraph 183.

3         Answering the sentence between paragraphs 183 and 184, Mr. Perry denies

4    the allegations in that sentence.

5         184.   Answering paragraph 184, Mr. Perry responds that to the extent the

6    allegations in that paragraph are based on the content of a January 25, 2007

7    IndyMac statement, that statement speaks for itself, and Mr. Perry denies the

8    allegations to the extent they are inconsistent with that statement.  Mr. Perry

9    denies plaintiffs' attempt to characterize this January 25, 2007 statement.  Except

10   as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 184.

11        185.   Answering paragraph 185, Mr. Perry responds that to the extent the

12   allegations in that paragraph are based on the content of a January 25, 2007

13   IndyMac press release, that press release speaks for itself, and Mr. Perry denies

14   the allegations to the extent they are inconsistent with that press release.  Except

15   as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 185.

16        186.   Answering paragraph 186, Mr. Perry responds that to the extent the

17   allegations in that paragraph are based on the content of a January 25, 2007

18   IndyMac press release, that press release speaks for itself, and Mr. Perry denies

19   the allegations to the extent they are inconsistent with that press release.

20   Mr. Perry denies plaintiffs' attempt to characterize this January 25, 2007 press

21   release.  Except as expressly admitted, Mr. Perry denies the allegations set forth in

22   paragraph 186.

23        187.   Answering paragraph 187, Mr. Perry responds that to the extent the

24   allegations in that paragraph are based on the content of a January 25, 2007

25   IndyMac press release, that press release speaks for itself, and Mr. Perry denies

26   the allegations to the extent they are inconsistent with that press release.

27   Mr. Perry denies plaintiffs' attempt to characterize IndyMac's January 25, 2007

28

1   press release.  Except as expressly admitted, Mr. Perry denies the allegations set

2   forth in paragraph 187.

3        188.   Answering paragraph 188, Mr. Perry denies the allegations set forth

4   in that paragraph.  Mr. Perry incorporates by reference his answers to paragraphs

5   178-83.

6        189.   Answering paragraph 189, Mr. Perry denies the allegations set forth

7   in that paragraph.

8        190.   Answering paragraph 190, Mr. Perry denies the allegations set forth

9   in that paragraph.

10       191.   Answering paragraph 191, Mr. Perry admits participating in a

11  January 25, 2007 earnings conference call.  To the extent the allegations in

12  paragraph 191 are based on Mr. Perry's statements during that earnings

13  conference call, his statements speak for themselves, and he denies the allegations

14  to the extent they are inconsistent with those statements.  Mr. Perry denies

15  plaintiffs' attempt to characterize his statements on this January 25, 2007 earnings

16  conference call.  Except as expressly admitted, Mr. Perry denies the allegations set

17  forth in paragraph 191.

18       192.   Answering paragraph 192, Mr. Perry responds that to the extent the

19  allegations in that paragraph are based on Mr. Perry's statements in a January 25,

20  2007 earnings conference call, his statements speak for themselves, and he denies

21  the allegations to the extent they are inconsistent with those statements.  To the

22  extent the allegations in paragraph 192 are based on a January 25, 2007 IndyMac

23  earnings presentation, that presentation speaks for itself, and Mr. Perry denies the

24  allegations to the extent they are inconsistent with that presentation.  Mr. Perry

25  denies plaintiffs' attempt to characterize these January 25, 2007 communications.

26  Except as expressly admitted, Mr. Perry denies the allegations set forth in

27  paragraph 192.

28

193.   Answering paragraph 193 (including the chart it contains), Mr. Perry responds that to the extent the allegations in that paragraph are based on an IndyMac March 15, 2007 press release, that press release speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that press release.  Mr. Perry denies plaintiffs' attempt to characterize this March 15, 2007 press release.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 193.

194.   Answering paragraph 194, Mr. Perry responds that to the extent the allegations in that paragraph are based on an IndyMac April 26, 2007 earnings presentation, that presentation speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that earnings presentation.  Mr. Perry denies plaintiffs' attempt to characterize this April 26, 2007 earnings presentation.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 194.

195.   Answering paragraph 195, Mr. Perry responds that to the extent the allegations in that paragraph are based on a May 15, 2007 UBS Conference presentation, that presentation speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that presentation.  Mr. Perry denies plaintiffs' attempt to characterize this May 15, 2007 UBS Conference presentation.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 195.

196.   Answering paragraph 196, Mr. Perry denies the allegations set forth in that paragraph.  Mr. Perry also denies plaintiffs' attempt to characterize the Silver State Action, the Lancaster Action, and the Geneva Action.

197.   Answering paragraph 197, Mr. Perry responds that to the extent the allegations in that paragraph are based on Mr. Perry's statements in a January 25, 2007 earnings conference call, his statements speak for themselves, and he denies the allegations to the extent they are inconsistent with those statements.  Mr. Perry

1  denies plaintiffs' attempt to characterize these January 25, 2007 earnings

2  conference call statements.  Except as expressly admitted, Mr. Perry denies the

3  allegations set forth in paragraph 197.

4      198.   Answering paragraph 198, Mr. Perry responds that to the extent the

5  allegations in that paragraph are based on analyst statements made during a

6  January 25, 2007 conference call, those statements speak for themselves, and he

7  denies the allegations to the extent they are inconsistent with those statements.

8  Mr. Perry denies plaintiffs' attempt to characterize these January 25, 2007

9  statements.  Except as expressly admitted, Mr. Perry denies the allegations set

10  forth in paragraph 198.

11      199.   Answering paragraph 199, Mr. Perry responds that to the extent the

12  allegations in paragraph 199 relate to IndyMac's historical share prices, those

13  historical share prices speak for themselves, and Mr. Perry denies the allegations

14  to the extent they are inconsistent with those historical share prices.  Except as

15  expressly admitted, Mr. Perry denies the allegations set forth in paragraph 199.

16      200.   Answering paragraph 200, Mr. Perry denies the allegations set forth

17  in that paragraph.

18      201.   Answering paragraph 201, Mr. Perry responds that to the extent the

19  allegations in that paragraph are based on the January 26, 2007 reports of financial

20  analysts, those reports speak for themselves, and Mr. Perry denies the allegations

21  to the extent they are inconsistent with those reports.  Mr. Perry denies plaintiffs'

22  attempt to characterize those January 26, 2007 reports.  Except as expressly

23  admitted, Mr. Perry denies the allegations set forth in paragraph 201.

24      Answering the sentence between paragraphs 201 and 202, Mr. Perry denies

25  the allegations in that sentence.

26      202.   Answering paragraph 202, Mr. Perry responds that to the extent the

27  allegations in that paragraph are based on a March 1, 2007 IndyMac press release,

28  that press release speaks for itself, and Mr. Perry denies the allegations to the

DEFENDANT MICHAEL W. PERRY'S ANSWER TO          43
PLAINTIFFS' SIXTH AMENDED CLASS ACTION
COMPLAINT
Case No.: 2:07-cv-1635-GW (VBK)

extent they are inconsistent with that press release.  Mr. Perry denies plaintiffs' attempt to characterize that March 1, 2007 press release.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 202.

203.   Answering paragraph 203, Mr. Perry responds that to the extent the allegations in paragraph 203 relate to IndyMac's historical share prices, those historical share prices speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those historical share prices.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 203.

Answering the sentence between paragraphs 203 and 204, to the extent this is a heading, no response is required.  If a response is required, Mr. Perry denies the allegations in that sentence.

204.   Answering paragraph 204, Mr. Perry admits that the Office of the Inspector General, Department of the Treasury, conducted an investigation concerning IndyMac.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 204.

205.   Answering paragraph 205, Mr. Perry responds that to the extent the allegations in paragraph 205 are based on the contents of the OIG Audit Report, that Audit Report speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with the Audit Report.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the OIG Audit Report, and on this basis denies them.  Mr. Perry further denies plaintiffs' attempt to characterize the OIG Audit Report.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 205.

206.   Answering paragraph 206, Mr. Perry responds that to the extent the allegations in paragraph 206 are based on the contents of the Audit Report, the Audit Report speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with the Audit Report.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the OIG Audit Report, and

on this basis denies them.  Mr. Perry further denies plaintiffs' attempt to characterize the OIG Audit Report.  Mr. Perry incorporates by reference his answers to paragraphs 43-84.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 206.

207.   Answering paragraph 207, Mr. Perry responds that to the extent the allegations in paragraph 207 are based on the contents of the Audit Report, the Audit Report speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with the Audit Report.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the OIG Audit Report, and on this basis denies them.  Mr. Perry further denies plaintiffs' attempt to characterize the OIG Audit Report.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 207.

208.   Answering paragraph 208, Mr. Perry responds that to the extent the allegations in paragraph 208 are based on the contents of the Audit Report, the Audit Report speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with the Audit Report.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the OIG Audit Report, and on this basis denies them.  Mr. Perry denies plaintiffs' attempt to characterize the OIG Audit Report.  Mr. Perry incorporates by reference his answers to paragraphs 84-110.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 208.

209.   Answering paragraph 209 (including the chart it contains), Mr. Perry responds that to the extent the allegations in paragraph 209 are based on the contents of the OIG Audit Report, the OIG Audit Report speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with the OIG Audit Report.  Mr. Perry denies plaintiffs' attempt to characterize the OIG Audit Report.  Mr. Perry also lacks knowledge or information sufficient to form a belief as to the truth of the OIG Audit Report and of any confidential witness allegations,

1    and on this basis denies them.  Mr. Perry also incorporates by reference his
2    answers to paragraphs 44-46, 53, 55, 60, 63, 65, 69, 72-73, and 81.  Except as
3    expressly admitted, Mr. Perry denies the allegations set forth in paragraph 209.

4        Answering the sentence immediately after paragraph 209, Mr. Perry denies
5    the allegations in that sentence.

6        Answering the sentence immediately before paragraph 210, to the extent
7    this is a heading, no response is required.  If a response is required, Mr. Perry
8    denies the allegations in that sentence.

9        210.   Answering paragraph 210, Mr. Perry denies the allegations set forth
10   in that paragraph.

11       211.   Answering paragraph 211, Mr. Perry responds that to the extent the
12   allegations in that paragraph are based on SOX certifications attached to
13   IndyMac's 2005 10-K and IndyMac's Form 10-Qs, those certifications speak for
14   themselves, and Mr. Perry denies the allegations to the extent they are inconsistent
15   with those certifications.  Except as expressly admitted, Mr. Perry denies the
16   allegations set forth in paragraph 211.

17       212.   Answering paragraph 212, Mr. Perry responds that to the extent the
18   allegations in that paragraph are based on SOX certifications attached to
19   IndyMac's 2005 10-K, those certifications speak for themselves, and Mr. Perry
20   denies the allegations to the extent they are inconsistent with those certifications.
21   Except as expressly admitted, Mr. Perry denies the allegations set forth in
22   paragraph 212.

23       213.   Answering paragraph 213, Mr. Perry denies the allegations set forth
24   in that paragraph.

25       214.   Answering paragraph 214, Mr. Perry denies the allegations set forth
26   in that paragraph.  Mr. Perry incorporates by reference his answers to paragraphs
27   43-51.

28

215.   Answering paragraph 215, Mr. Perry denies the allegations set forth in that paragraph.  To the extent the allegations in paragraph 215 are based on public filings in litigation involving IndyMac, those filings speak for themselves, and Mr. Perry denies the allegations to the extent they are inconsistent with those filings.  Mr. Perry incorporates by reference his answers to paragraphs 43-51, 67-70, 73-75, 84, and 211-12.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 215.

Answering the sentence between paragraphs 215 and 216, Mr. Perry denies the allegations in that sentence.

216.   Answering paragraph 216, Mr. Perry denies the allegations set forth in that paragraph.

217.   Answering paragraph 217, Mr. Perry responds that to the extent the allegations in that paragraph are based on IndyMac's 2006 proxy statement, that proxy statement speaks for itself, and Mr. Perry denies the allegations to the extent they are inconsistent with that proxy statement.  Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 217.

218.   Answering paragraph 218, Mr. Perry denies the allegations set forth in that paragraph.

Answering the sentence between paragraphs 218 and 219, Mr. Perry denies the allegations in that sentence.

219.   Answering paragraph 219, Mr. Perry responds to the extent the allegations in that paragraph purport to allege legal conclusions, thus no response is required.  To the extent a response is required, Mr. Perry denies the allegations set forth in paragraph 219.

220.   Answering paragraph 220, Mr. Perry responds that the allegations in that paragraph purport to allege legal conclusions, thus no response is required.  To the extent a response is required, Mr. Perry denies the allegations set forth in paragraph 220.

1   Answering the sentence between paragraphs 220 and 221, Mr. Perry denies
2   the allegations in that sentence.

3       221.   Answering paragraph 221, Mr. Perry denies the allegations set forth
4   in that paragraph.

5       Answering the sentence between paragraphs 221 and 222, to the extent this
6   is a heading, no response is required.  If a response is required, Mr. Perry denies
7   the allegations in that sentence.

8       222.   Answering paragraph 222, Mr. Perry admits that plaintiffs purport to
9   bring this action as a class action on behalf of all those, subject to the exceptions
10   stated in paragraph 222, who purchased or otherwise acquired IndyMac common
11   stock between January 26, 2006 and March 1, 2007, inclusive and who were
12   damaged thereby.  Mr. Perry denies that such a class should be certified.  Except
13   as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 222.

14       223.   Answering paragraph 223, Mr. Perry responds that to the extent the
15   allegations in paragraph 223 constitute legal conclusions, he is not required to
16   respond to them.  Mr. Perry admits that during the purported Class Period,
17   IndyMac common stock was traded on the NYSE.  Except as expressly admitted,
18   Mr. Perry denies the allegations set forth in paragraph 223.

19       224.   Answering paragraph 224, Mr. Perry denies the allegations set forth
20   in that paragraph.

21       225.   Answering paragraph 225, Mr. Perry denies the allegations set forth
22   in that paragraph.

23       226.   Answering paragraph 226, Mr. Perry denies the allegations set forth
24   in that paragraph.

25       227.   Answering paragraph 227, Mr. Perry denies the allegations set forth
26   in that paragraph.

27       Answering the sentence between paragraphs 227 and 228, Mr. Perry denies
28   the allegations in that sentence.

228. Answering paragraph 228, Mr. Perry incorporates by reference his answers to paragraphs 1-227. Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 228.

229. Answering paragraph 229, Mr. Perry denies the allegations set forth in that paragraph.

230. Answering paragraph 230, Mr. Perry denies the allegations set forth in that paragraph.

231. Answering paragraph 231, Mr. Perry denies the allegations set forth in that paragraph.

232. Answering paragraph 232, Mr. Perry responds that to the extent the allegations in paragraph 232 constitute legal conclusions, he is not required to respond to them. To the extent a response is required, Mr. Perry denies the allegations set forth in paragraph 232.

233. Answering paragraph 233, Mr. Perry denies the allegations set forth in that paragraph.

234. Answering paragraph 234, Mr. Perry denies the allegations set forth in that paragraph.

235. Answering paragraph 235, Mr. Perry denies the allegations set forth in that paragraph.

236. Answering paragraph 236, Mr. Perry denies the allegations set forth in that paragraph.

Answering the sentence between paragraphs 236 and 237, Mr. Perry denies the allegation in that sentence.

237. Answering paragraph 237, Mr. Perry incorporates by reference his answers to paragraphs 1-236. Except as expressly admitted, Mr. Perry denies the allegations set forth in paragraph 237.

238. Answering paragraph 238, Mr. Perry denies the allegations set forth in that paragraph.

239.   Answering paragraph 239, Mr. Perry denies the allegations set forth in that paragraph.

## PRAYER FOR RELIEF

Mr. Perry denies that plaintiffs are entitled to the requested relief.

## JURY TRIAL DEMAND

Mr. Perry admits that plaintiffs purport to demand a trial by jury.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Mr. Perry bears the burden of proof as to any of them, Mr. Perry asserts the following affirmative defenses. Mr. Perry intends to rely upon any additional defenses that become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

### First Affirmative Defense

The claims asserted in the Sixth Amended Class Action Complaint is barred in whole or in part by the applicable statute(s) of limitation.

### Second Affirmative Defense

Lead Plaintiff lacks standing to bring some or all of the causes of action asserted in the Sixth Amended Class Action Complaint.

### Third Affirmative Defense

Even if the misrepresentations and omissions alleged in the Sixth Amended Class Action Complaint had been made, which Mr. Perry denies, Mr. Perry did not know, and in the exercise of reasonable care could not have known, of any such misrepresentations or omissions.

**Fourth Affirmative Defense**

Even if the misrepresentations alleged in the Sixth Amended Class Action Complaint were made, which Mr. Perry denies, Mr. Perry at all times reasonably and in good faith relied upon the work, opinions, information, representations, and advice of others upon whom he was entitled to rely.  Additionally, IndyMac had in place reasonable processes and procedures designed to ensure that its public disclosures complied with all applicable legal requirements, and Mr. Perry reasonably relied on those processes and procedures.

**Fifth Affirmative Defense**

Mr. Perry is not liable for any forward-looking statements because these statements are protected by the "safe harbor" provisions of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-5(c), and the "bespeaks caution" doctrine.

**Sixth Affirmative Defense**

Factors other than the alleged misrepresentations and omissions by Mr. Perry influenced the price of IndyMac stock when the members of the purported Class acquired IndyMac stock, and those factors or similar factors caused any alleged decline in the price of IndyMac stock.

**Seventh Affirmative Defense**

No act or omission attributed to Mr. Perry in the Sixth Amended Class Action Complaint was the actual or proximate cause of any injury suffered by any member of the purported Class.

**Eighth Affirmative Defense**

Mr. Perry acted at all times in good faith and did not directly or indirectly induce any act or acts alleged to constitute a violation of law or give rise to a cause of action.

**Ninth Affirmative Defense**

When the members of the purported Class acquired shares of IndyMac stock, some or all of them had actual or constructive knowledge of the facts

alleged in the Sixth Amended Class Action Complaint to have been concealed or misrepresented by Mr. Perry.  These persons or entities therefore assumed the risk of any alleged loss they incurred as a result of acquiring IndyMac stock.

**<u>Tenth Affirmative Defense</u>**

Mr. Perry is not liable for any damages suffered by members of the purported Class because the negligent, reckless, or willful acts of others constituted independent, intervening, and superseding causes, relieving Mr. Perry of any liability.

**<u>Eleventh Affirmative Defense</u>**

The claims asserted in the Sixth Amended Class Action Complaint are barred in whole or part by the doctrines of laches, waiver, ratification, or unclean hands.

**<u>Twelfth Affirmative Defense</u>**

Any recovery for damages allegedly incurred by members of the purported Class is limited to the percentage of Mr. Perry's responsibility in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to the alleged damages suffered by the purported Class, to the extent that the securities laws require damages to be assessed according to proportionate liability.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Perry prays that this Court enter judgment as follows:

1.      That plaintiffs and members of the putative class on whose behalf plaintiffs purport to sue take nothing from Mr. Perry by their Sixth Amended Class Action Complaint;

2.      For costs and court hearing fees;

3.      For attorneys' fees;

4.      For judgment in favor of Mr. Perry; and

5.      For such other and further relief as this Court deems just and proper.

1

2    DATED:  March 29, 2010             Respectfully submitted,

3                                       COVINGTON & BURLING LLP

4                                       By:      /s/ Tammy Albarrán

5                                                Tammy Albarrán

6                                       Attorneys for Defendant Michael W. Perry

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28