JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WAYMAN TRIPP and SVEN MOSSBERG, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INDYMAC BANCORP, INC. and MICHAEL W. PERRY,<br><br>Defendants. | Case No. CV 07-1635-GW(VBKx)<br><br>**ORDER AND FINAL JUDGMENT** |

1  WHEREAS, a consolidated class action is pending in this Court captioned *Sven Mossberg, et al. v. IndyMac Bancorp, Inc., et al.*, Case No. 2:07-CV-1635-GW (VBK) (the "Action");

WHEREAS, this matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement dated August 10, 2012 (the "Preliminary Approval Order"), on the application of the parties for approval of the settlement set forth in the Stipulation and Agreement of Settlement dated June 25, 2012 (the "Stipulation") entered into by Sven Mossberg (the "Lead Plaintiff"), on behalf of himself and the certified Class (as defined herein), and defendant Michael W. Perry (the "Defendant"), by and through their respective counsel; and

WHEREAS, due and adequate notice having been given to the certified Class, pursuant to the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, and over all Parties to the Action, including all members of the Class.

3. The Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing ("Notice") has been given to the Class, pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Lead Counsel, and a full opportunity to be heard has been offered to all Parties, the Class, and Persons in interest.  The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given

in full compliance with each of the requirements of Fed. R. Civ. P. 23, and it is further determined that all members of the Class are bound by the Judgment herein.[1]

4.   The Settlement, and all transactions preparatory or incident thereto, is found to be fair, reasonable, adequate, and in the best interests of the Class, and it is hereby approved.  The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

5.   The Action and all claims included therein, as well as all of the Released Claims (defined in the Stipulation and in Paragraph 6(b) below) are dismissed with prejudice as to Lead Plaintiff and the other members of the Class, and as against each and all of the Released Parties (defined in the Stipulation and in Paragraph 6(a) below).  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.   As used in this Judgment, the terms "Released Parties," "Released Claims," "Settled Parties' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a)   "Released Parties" means the Defendant, all former co-defendants, and all of their related parties, including their respective past and present agents, associates, attorneys (including Defendant's Counsel), advisors, spouses, family members, partners, trustees, executors, estates, administrators, subsidiaries, affiliates, predecessors, successors, assigns and insurers.

(b)   "Released Claims" means any and all claims, causes of action, demands, rights, obligations, duties, damages, losses, costs, expenses, matters and issues of every nature and description whatsoever, whether known or unknown, whether accrued or unaccrued, whether legal or equitable, whether contingent or

---

[1] Attached hereto as Exhibit A is a list of those Persons who excluded themselves from the Class pursuant to the requirements set forth in the Notice.

absolute, whether suspected or unsuspected, whether disclosed or undisclosed, whether liquidated or unliquidated, that arise out of or relate in any way to the subject matter of the Action and/or the purchase or acquisition of IndyMac common stock during the Class Period and shall include (without limitation) (i) all claims or causes of action that have been asserted by or on behalf of Lead Plaintiff or any member of the Class in the Action, or (ii) all claims or causes of action that could have been asserted in any forum by or on behalf of Lead Plaintiff or any member of the Class against any of the Released Parties that arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth or referred to in the Complaint or any prior complaint in the Action, and that relate to the purchase or acquisition of IndyMac common stock during the Class Period. Notwithstanding the foregoing, "Released Claims" does not include any of the claims asserted in *Daniels v. Perry, et al.*, Case No. 08-cv-3812 (C.D. Cal.).

(c)  "Settled Parties' Claims" means any and all claims, causes of action, demands, rights, obligations, duties, damages, losses, costs, expenses, matters and issues of every nature and description whatsoever, whether known or unknown, whether accrued or unaccrued, whether legal or equitable, whether contingent or absolute, whether suspected or unsuspected, whether disclosed or undisclosed, whether liquidated or unliquidated, that have been or could have been asserted in the Action or any forum by the Released Parties or any of them or the successors and assigns of any of them against Lead Plaintiff, any Class Member or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement and claims by the Defendant for insurance coverage).

(d)  "Unknown Claims" means any and all Released Claims that Lead Plaintiff and/or any Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date and any Settled Parties' Claims that any Released Party

1    does not know or suspect to exist in his, her or its favor as of the Effective Date,
2    which if known by him, her or it might have affected his, her or its decision(s) with
3    respect to the Settlement.  With respect to any and all Released Claims and Settled
4    Parties' Claims, the Parties stipulate and agree that upon the Effective Date, Lead
5    Plaintiff and the Defendant shall expressly waive, and each Class Member and
6    Released Party shall be deemed to have waived, and by operation of the Judgment
7    shall expressly have waived, any and all provisions, rights and benefits conferred by
8    any law of any state of the United States, or principle of common law or otherwise,
9    which is similar, comparable, or equivalent to California Civil Code § 1542, which
10   provides:

11   > A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
12   > CREDITOR DOES NOR KNOW OR SUSPECT TO EXIST IN HIS OR HER
13   > FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
14   > BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER
15   > SETTLEMENT WITH THE DEBTOR.

16   The Parties acknowledge (a) that they may discover facts that are in addition to or
17   different from those which they now believe to be true and have taken that possibility
18   into account in reaching this Settlement; (b) that the releases granted in connection
19   with the Settlement shall remain valid and binding notwithstanding the discovery or
20   existence of any such additional or different facts; (c) that they are relying on their
21   own judgment and not on any representations of an opposing party or opposing
22   counsel in evaluating the released claims; (d) that they have received, and relied
23   upon, independent advice from their advisors regarding the value of the released
24   claims; (e) that the actual value of the Released Claims may be above or below the
25   Settlement Amount; and (f) that the releases granted in the Settlement shall remain
26   valid and binding even if they in the future sustain unanticipated additional damages,
27   losses, costs or expenses arising out of or relating to any claim released as part of the
28   Settlement.  The Parties acknowledge, and Class Members and Released Parties by

1  operation of law shall be deemed to have acknowledged, that the inclusion of
2  "Unknown Claims" in the definition of Released Claims and Settled Parties' Claims
3  was separately bargained for and was a key element of the Settlement.

4      7.    Upon the Effective Date of the Settlement, Lead Plaintiff and members
5  of the Class, on behalf of themselves and each of their heirs, executors,
6  administrators, successors, and assigns, shall, with respect to each and every Released
7  Claim, release and forever discharge, and shall forever be enjoined from filing,
8  prosecuting, or otherwise pursuing any Released Claims against any of the Released
9  Parties.

10     8.    Upon the Effective Date of the Settlement, each of the Released Parties,
11 on behalf of themselves and each of their heirs, executors, administrators, successors,
12 and assigns, shall, with respect to each and every Settled Parties' Claim, release and
13 forever discharge, and shall forever be enjoined from filing, prosecuting, or otherwise
14 pursuing any of the Settled Parties' Claims.

15     9.    The Court hereby enters a bar order, pursuant to Section 21D of the
16 Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(7)(A), barring and enjoining
17 the prosecution of all claims by any Person against the Defendant, or by the
18 Defendant against any Person, other than a person whose liability has been
19 extinguished by the Settlement, for contribution or indemnification arising from the
20 Action, any claim asserted in the Action, or any claim based, in whole or in part, upon
21 the subject matter of any of the Settled Claims.  This provision shall not be construed
22 to bar or enjoin Defendant from obtaining insurance coverage for the Settlement
23 Amount.

24     10.    Nothing in the Stipulation, the MOU, or any related negotiations or
25 discussions, shall (a) constitute an admission of liability, fault, or wrongdoing by any
26 Party or an admission concerning the scope of damages sustained by any Party, or (b)
27 be offered or received in evidence or otherwise introduced or invoked in the Action or
28 any other civil, criminal or administrative proceedings for any purpose other than

enforcing the terms of the Settlement, defending against claims released by the Settlement, or (in the case of the Stipulation only) litigating any appeal relating to the Court's approval or rejection of the Settlement.

11. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation. Neither Defendant nor the Released Parties shall have any responsibility or liability for the Plan of Allocation, the administration of the Settlement, or the distribution of the Settlement Fund.

12. The Court finds that all Parties and their counsel have complied with each requirement of the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Only those Class Members filing valid Proof of Claim and Release forms ("Proofs of Claim") shall be entitled to participate in the Settlement and to receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Released Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

14. No Authorized Claimant shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Defendant, Defendant's Counsel, or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the escrow account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

15. Lead Counsel is hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund (i.e. $1,375,000.00), which sum the Court finds to be fair and reasonable. Lead Counsel is hereby awarded a total of $371,914.84 in reimbursement of expenses. The foregoing awards of fees and expenses shall be paid to Lead Counsel from the Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation, with interest from the date the Settlement Amount was funded to the date of payment at the same net rate that interest is earned by the Settlement Fund. The award of attorneys' fees and expenses shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action. Neither the Defendant nor any of the Released Parties shall have any liability or responsibility for the allocation of the award of attorneys' fees and expenses among Plaintiffs' Counsel.

16. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $5,500,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement;

(b) Over 75,500 copies of the Notice were disseminated to putative Class Members indicating that Lead Counsel was moving for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of expenses from the Settlement Fund in a total amount not to exceed $525,000, and not one Class Member has filed an objection against the terms of the proposed Settlement or the ceiling on the fees and expenses contained in the Notice;

(c) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Action involves complex factual and legal issues and was actively prosecuted for several years and, in the absence of a settlement, would

1  involve further lengthy proceedings with uncertain resolution of the complex factual
2  and legal issues;

3  (e) Had Lead Counsel not achieved the Settlement there would remain
4  a significant risk that Lead Plaintiff and the Class may have recovered less or nothing
5  at all from the Defendant;

6  (f) Lead Counsel has devoted over 9,363 hours, with a lodestar value
7  of $4,387,416.75, to the prosecution of the Action to achieve the Settlement; and

8  (g) The amount of attorneys' fees awarded and expenses reimbursed
9  from the Settlement Fund are fair and reasonable and consistent with awards in
10 similar cases.

11 17. Without affecting the finality of this Judgment in any way, the Court
12 reserves exclusive and continuing jurisdiction over the Action, Lead Plaintiff, the
13 Class, and the Released Parties for the purposes of: (1) supervising the
14 implementation, enforcement, construction, and interpretation of the Stipulation, the
15 Plan of Allocation, and this Judgment; and (2) supervising the distribution of the
16 Settlement Fund.

17 18. In the event that the Settlement does not become effective in accordance
18 with the terms of the Stipulation or in the event that the Settlement Fund, or any
19 portion thereof, is returned to the Defendant, then this Judgment shall be rendered
20 null and void to the extent provided by and in accordance with the Stipulation and
21 shall be vacated and, in such event, all orders entered and releases delivered in
22 connection herewith shall be null and void to the extent provided by and in
23 accordance with the Stipulation.

1  19. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: July 29, 2013

_____
The Honorable George H. Wu
United States District Judge

# EXHIBIT A

## List of Persons Excluded from the Class

| Name | City/State | Number of Shares |
|---|---|---|
| Thomas L. Curth | Indio, CA | 140 shares |